[No. 19346.     Department Two.—July 27, 1894.]

THE PEOPLE ex rel. HENRY SCHWARTZ, Appellant, v. FRANK TEMPLE et al., Respondents.

| 103 | 447 |
|-----|-----|
| d107 | 544 |
| 103 | 447 |
| 119 | 110 |

| 103 | 447 |
|-----|-----|
| 126 | 55 |
| 126 | 56 |

| 103 | 447 |
|-----|-----|
| 124 | 74 |
| 125 | 203 |

| 103 | 447 |
|-----|-----|
| 140 | 674 |

| 103 | 447 |
|-----|-----|
| e143 | 675 |
| 143 | 677 |
| 144 | 424 |

| 103 | 447 |
|-----|-----|
| 146 | 256 |
| 146 | 260 |

VACATION OF JUDGMENT—TIME OF MOTION—WANT OF JURISDICTION OF PERSON.—A judgment which is void upon its face, and which requires only an inspection of the judgment-roll to show its invalidity, will be set aside on motion by the court rendering it at any time after its entry; but if it is not void upon its face, and its invalidity does not appear from the judgment-roll, it cannot be set aside upon motion for want of jurisdiction over the person of the defendant, unless the motion is made within a reasonable time after its entry, not exceeding the limit fixed by section 473 of the Code of Civil Procedure.

ID.—VALIDITY OF JUDGMENT—JUDGMENT-ROLL—SUMMONS—SERVICE BY PUBLICATION—AFFIDAVIT AND ORDER.—Whether a judgment is void upon its face or not can only be determined by an inspection of the judgment-roll, and when the service of summons is by publication, the affidavit and order for publication are no part of the judgment-roll, and cannot be considered.

ID.—STATE SCHOOL LAND—ANNULMENT OF PURCHASE—VOID ORDER SETTING ASIDE JUDGMENT.—Where the judgment-roll in an action by the people to foreclose the interest of a purchaser of state school land, and to annul the certificate of purchase, shows service of summons by publication, and contains all the papers properly constituting the judgment-roll, which are all in proper form and sufficient, the fact that no affi-

davit or order for the publication of summons is found among the papers, and that there is no entry in the record that any such affidavit or order was ever made, is immaterial; and the judgment not being void upon its face, the court has no power to grant a motion made more than twelve years after the judgment was entered, to set it aside for want of jurisdiction of the person of the defendant, and its action in so doing must be held void and of no effect.

ID.—REMEDY BY ACTION—POWER OF COURT.—When a judgment is not void upon its face, the court has no power to set it aside on motion, unless the motion is made within a reasonable time, but resort should be had to an action, and all the parties interested should be notified and have an opportunity to be heard.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*H. S. Foote*, and *Hunsaker, Britt & Goodrich*, for Appellant.

When it is sought to conclude a party by constructive service by publication every fact necessary to the exercise of jurisdiction based upon such service must affirmatively appear. (*Cissell* v. *Pulaski Co.*, 10 Fed. Rep. 891; *Braly* v. *Seaman*, 30 Cal. 611, 618; *People* v. *Huber*, 20 Cal. 81; 1 Black on Judgments, sec. 232; 1 Freeman on Judgments, sec. 127; *Boswell* v. *Otis*, 9 How. 336, 350; *Townsend* v. *Tallant*, 33 Cal. 45; 91 Am. Dec. 617; *Galpin* v. *Page*, 18 Wall. 350; *Gray* v. *Larrimore*, 4 Saw. 638; *Galpin* v. *Page*, 3 Saw. 93; *Guaranty Trust etc. Co.* v. *Green Cove Springs etc. Co.*, 139 U. S. 137.) In case of service by publication the court acquires no jurisdiction until proper proof of a compliance with the statutory requirements is made to appear of record. (*Byram* v. *McDowell*, 15 Lea, 581; *Tunis* v. *Withrow*, 10 Iowa, 305; 77 Am. Dec. 117.) And, as bearing generally on the strictness with which the rule requiring compliance with the statutory provisions to obtain jurisdiction by publication is enforced, see the following cases: *Barber* v. *Morris*, 37 Minn. 194; 5 Am. St. Rep. 836; *Brown* v. *St. Paul etc. Ry. Co.*, 38 Minn. 506; *Murphy* v. *Lyons*, 19 Neb. 689; *Steere* v. *Vanderberg*, 67 Mich. 530; *Ander-*

*son* v. *Coburn*, 27 Wis. 558, 562; *Campbell* v. *McCahan*, 41 Ill. 45, 49; *Bardsley* v. *Hines*, 33 Iowa, 157; *Royer* v. *Foster*, 62 Iowa, 321, 324; *Miller* v. *Corbin*, 46 Iowa, 150; *Gregory* v. *Bartlett*, 55 Ark. 30. It has been repeatedly held in cases of this character that a judgment rendered upon service of summons by publication which is not supported by an affidavit for an order directing publication and such an order, is void. (*People* v. *Mullan*, 65 Cal. 396; *People* v. *Greene*, 74 Cal. 400; 5 Am. St. Rep. 448; *Hyde* v. *Redding*, 74 Cal. 493; *People* v. *Pearson*, 76 Cal. 400.) The court had power to set aside the judgment upon the ground that the court had no jurisdiction of the defendant because of a failure to serve him with summons. (*People* v. *Mullan*, 65 Cal. 396; *People* v. *Greene*, 74 Cal. 400; 5 Am. St. Rep. 448; *Hyde* v. *Redding*, 74 Cal. 493; *People* v. *Pearson*, 76 Cal. 400; *Crocker* v. *Allen*, 34 S. C. 452; 27 Am. St. Rep. 831; *Hier* v. *Kaufman*, 134 Ill. 215.)

*E. W. Hendrick*, and *Chapman & Hendrick*, for Respondent Frank Temple.

Upon the face of the record the judgment is perfect, and the contention that it is void because no affidavit for publication of summons appears in the record is untenable, as the affidavit is no part of the judgment-roll. (Code Civ. Proc., sec. 670; *McCauley* v. *Fulton*, 44 Cal. 355; *In re Newman*, 75 Cal. 213; 7 Am. St. Rep. 146; *Hahn* v. *Kelly*, 34 Cal. 391; 94 Am. Dec. 742.) As the judgment is not void upon its face the motion to vacate it came too late, as it should have been made within one year. (Code Civ. Proc., sec. 473; *People* v. *Goodhue*, 80 Cal. 200; *People* v. *Harrison*, 84 Cal. 607.)

*Harris & Gregg*, and *J. P. Hight*, for Respondents George D. Keller *et al.*

The order setting aside the judgment is of no force or validity, as it purports to have been made many years after the rendition of the judgment; and it was not within the jurisdiction of the court to set aside the

judgment on a mere motion after such a lapse of time. (*People* v. *Harrison*, 84 Cal. 607; *People* v. *Blake*, 84 Cal. 611; *People* v. *Goodhue*, 80 Cal. 199; *Jacks* v. *Baldez*, 97 Cal. 91; *Moore* v. *Superior Court*, 86 Cal. 496.)

*Parrish, Mossholder & Lewis*, for Frank Hilton, Intervenor.

BELCHER, C.—This action was instituted for the purpose of having two state patents, one for the east half and the other for the west half of a certain sixteenth section of land in San Diego county, vacated and set aside, so far as they affect the south half of the section, upon the ground that they were issued without authority of law, and were void.

The court below found the facts very fully, and gave judgment for the defendants, from which the plaintiffs appeal on the judgment-roll without any statement or bill of exceptions.

The facts found, so far as they need be noticed, are, in substance, as follows: Prior to July 28, 1865, the said section was surveyed by authority of the United States, and on that day the township plat, including the same, was on file in the proper United States land office. The whole section was then vacant and unoccupied, and it remained so until some time in the year 1883. On May 10, 1869, Henry Schwartz, the relator, who was then qualified to purchase school lands from the state, made application to purchase the south half of the section, and his application was approved by the surveyor general on July 14, 1869. Within fifty days thereafter he paid to the treasurer of San Bernardino county twenty per cent of the purchase money, and the first year's interest on the balance, and also the sum of three dollars for the issuance of the certificate of purchase, and on September 11th following a certificate of purchase, in the usual form, was issued to him, which he never assigned or transferred.

In the application made by Schwartz and in the

order approving the same, the said section was described as being in San Bernardino county, and it was then and thereafter, by the land department of the state, and by the public authorities generally, believed to be, and treated as being, in that county until a survey of the county line was made in 1880 or 1881, when it was found to be in San Diego county.

Schwartz paid the interest on the balance of the purchase money up to January 1, 1874, but never afterwards paid any interest or any part of the principal. On July 8, 1876, an action in the name of the people of the state of California was commenced against him in the district court of the eighteenth judicial district, in and for the county of San Bernardino, to foreclose his interest in the said land, and to annul the said certificate of purchase. The action resulted in a judgment by default, entered on December 12, 1876, which recited "that the defendant has been regularly served with summons in said action according to law," and granted the relief prayed for.

The judgment-roll made up in the case consisted of the complaint, with a memorandum of the defendant's default indorsed thereon, the summons, and a copy thereof with an affidavit annexed thereto stating that the affiant was one of the publishers, and the principal clerk in the office of a certain daily newspaper published in the said county, and that the summons "was published in said newspaper for four weeks consecutively, to wit: Daily from the twenty-first day of July, 1876, to the eleventh day of September, 1876," and a copy of the judgment.

Twenty days after the entry of the said judgment a certified copy thereof was filed in the office of the register of the state land office.

On May 5, 1883, the defendant Frank Temple made application to purchase the west half of the said section, and at that time he possessed the qualifications necessary to enable him to make the purchase. His application was in proper form, and was approved October 2,

1883. Within fifty days after the approval he made the first payment, as required by law, and subsequently made full payment, and, on December 8, 1888, received a patent for the land applied for.

On May 5, 1883, W. W. Averill made application to purchase the east half of said section, and he was then qualified to make the purchase. His application was in proper form, and was approved October 2, 1883. Within fifty days after the approval he made the first payment, and thereafter a certificate of purchase was issued to him, which he assigned to the defendant Thomas W. Carter, who made full payment, and on May 14, 1886, received a patent for the land so applied for.

On February 4, 1889, on motion of Schwartz, an order was made by the superior court of San Bernardino county, vacating and setting aside the said judgment entered against him in the district court of that county on December 12, 1876, upon the ground that the said court never acquired or had any jurisdiction of the person of the defendant, for the reason that no affidavit or order of the court was ever made for the publication of summons in the action, and no service of summons was made on the defendant, and the defendant never appeared in the action.

Notice that a motion would be made to vacate the said judgment of foreclosure against Schwartz was given to the district attorney of the county, but not to any one else, and no one of the defendants in this action had any notice or knowledge of the motion, or was present at the hearing thereof in person or by counsel.

On June 26, 1889, Schwartz tendered to the treasurer of San Diego county the balance due for principal and interest on his said certificate of purchase, if the same was still valid and in force, and thereafter on July 9, 1889, this action was commenced.

Other facts are found, and several questions based upon them are elaborately discussed by counsel, but the principal and controlling question in the case, and the only one which need be decided, relates to the validity

and effect of the order of May 4, 1889, vacating the judgment of foreclosure; for if that order was void, then the judgment here appealed from must be affirmed.

It is well settled that a judgment which is void upon its face, and which requires only an inspection of the judgment-roll to show its invalidity, may be set aside on motion by the court rendering it at any time after its entry (*People* v. *Greene*, 74 Cal. 400; 5 Am. St. Rep. 448), and also that a judgment which is in fact void for want of jurisdiction over the person of the defendant, but where its invalidity does not appear from the judgment roll, may be set aside upon motion within a reasonable time after its entry. (*Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 388; 33 Am. St. Rep. 198.)

Whether a judgment is void upon its face or not can only be determined by an inspection of the judgment-roll, and, when the service is by publication, the affidavit and order for publication are no part of the roll, and cannot be considered. (*In re Newman*, 75 Cal. 213; 7 Am. St. Rep. 146; *Sichler* v. *Look*, 93 Cal. 600.) And what is a reasonable time within which a motion may be made to set aside a judgment, not void upon its face, must depend somewhat upon the circumstances of each particular case, and is not definitely determined further than that it will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure.

When a judgment is not void upon its face, the court has no power to set it aside on motion, unless the motion is made within a reasonable time, but resort should be had to an action, and all the parties interested should be notified and have an opportunity to be heard. (*People* v. *Goodhue*, 80 Cal. 199; *People* v. *Harrison*, 84 Cal. 607; *Moore* v. *Superior Court*, 86 Cal. 495; *Jacks* v. *Baldez*, 97 Cal. 91.)

The case in which the order now under review was made was one in which service by publication was authorized by statute (Pol. Code, sec. 3549), and in which, under all the decisions, state and federal, a valid judgment could be rendered upon such service. The judg-

ment-roll in the case contained all the papers constituting the judgment-roll when service is by publication (Code Civ. Proc., sec. 770), and they were all in proper form and sufficient. It was therefore immaterial in the proceeding referred to that no affidavit or order for the publication of the summons was found among the papers in the case, and that there was no entry in the records that any such affidavit or order was ever made, inasmuch as, if found, they could not have been considered.

The judgment was not void upon its face, and could not, upon that ground, be set aside on motion. The motion was made more than twelve years after the judgment was entered, and was not within a reasonable time. The court had no power, therefore, to grant the motion, and its action in doing so must be held void, and of no effect.

It results that the judgment appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., FITZGERALD, J., HARRISON, J.

Hearing in Bank denied.