[S. F. No. 1610.   Department Two.—September 13, 1899.]

In the Matter of the Estate and Guardianship of CATHERINE. H. EIKERENKOTTER et al., Minors.

APPOINTMENT OF GUARDIAN — VACATING ORDER — LIMITATION OF· TIME—JURISDICTION.—An order appointing a guardian of the person and estate of a minor may be vacated at any time, if the record of the appointment discloses affirmatively upon its face that the order was void for want of jurisdiction of the court to make it; otherwise, the order cannot be vacated after six months. from its date, whether the application to vacate is or is not made under section 473 of the Code of Civil Procedure.

ID.—NOTICE TO PERSON IN CUSTODY OF MINOR—MANDATORY STAT-· UTE.—Section 1747 of the Code of Civil Procedure, requiring the ·court to cause reasonable notice to be given to any person having the care of the minor, before making an appointment of a. guardian, is mandatory; and such notice is necessary to give the court jurisdiction to make the order of appointment.

ID.—SUFFICIENCY OF RECORD OF APPOINTMENT—LACK OF JURIS- DICTION NOT APPEARING—EVIDENCE ALIUNDE.—Where the record of the appointment of the guardian shows the consent of the relatives of the minor residing in the county, and does not af- . firmatively show that notice had not in fact been served upon the person having custody of the minor, the lack of jurisdiction does not appear from the record. The absence of. such service may be proved by evidence *aliunde* under an application made within six months to vacate the appointment; but, after the lapse of that period, the applicant can produce no evidence *aliunde*, and is conclusively bound by the record.

ID.—SERVICE, AND NOT PROOF, THE BASIS OF JURISDICTION.—The·fact of service and not the proof of service, gives a court jurisdiction .. to hear and determine; and the absence of proof of service. does not affirmatively show a lack of jurisdiction upon the face of the record.

APPEAL from an order of the Superior Court of San Mateo County refusing to set aside letters of guardianship. Geo. H. Buck, Judge.

The facts are stated in the opinion of the court.

I. S. Thompson, for Appellant.

George W. Fox, and George C. Ross, for Respondent.

GAROUTTE, J.—This appeal is prosecuted from an order made by the superior court refusing to set aside the letters . of guardianship theretofore issued to Julius Eikerenkotter over

the person of Catherine H. Eikerenkotter, a minor. The application for the order to set aside was made more than six months after the order of appointment, and, as appears by the application, was based largely upon the fact that petitioner, Ioan Smith, had the custody of the minor at the time the order of appointment was made, and no notice of the hearing was given her. The trial court refused to go into the merits of her application as to Eikerenkotter's incompetency to act as guardian and her competency to so act, but held that the application to set aside the order of his appointment, having been made more than six months after the order was made, should be denied for that reason.

The judgment of the trial court is correct, if the order appointing Eikerenkotter guardian be not void upon its face. In other words, if the record discloses that the court had no jurisdiction to make the order of appointment, then the order is void upon its face and can be attacked at any time. (*Jacks v. Baldez*, 97 Cal. 91; *Norton v. Atchison R. R. Co.*, 97 Cal. 388; 33 Am. St. Rep. 198; *People v. Temple*, 103 Cal. 447.) This is fully apparent, for there can be no statute of limitations which will run against an order or judgment void upon its face. In *People v. Temple, supra,* and also in later cases, it is held that all applications to set aside orders or judgments not void upon their face must be made within six months after the entry of such order or judgment, and that, too, whether or not the application is made under section 473 of the Code of Civil Procedure.

It follows from the foregoing that this application came too late, unless the order is void upon its face. Among other matters, section 1747 of the Code of Civil Procedure declares: "Before making such appointment the court must cause such notice as such court deems reasonable to be given to any person having the care of such minor." By this provision of the statute it is made mandatory that the person having the custody of the minor should have notice of the hearing. Such notice is absolutely necessary to give the court jurisdiction of the proceeding and power to make the order of appointment. But in this case, from an inspection of the record—which consists of the petition for the appointment, the con-

sent of the relatives residing in the county, and the order of appointment —we find nothing showing the order of appointment to be void as beyond the power of the court to make. The fact of service, and not the proof of service, gives a court jurisdiction to hear and determine. Here there is nothing in the record to disprove the fact of service of the notice upon the person having the custody of the minor. Lack of jurisdiction must be affirmatively shown by the record. Perchance some of the consenting relatives to the appointment of Eikerenkotter may have had the custody of the minor at the time. Perchance Eikerenkotter himself had the custody of the minor upon the day of hearing. Again, as far as the record discloses, the fact may have been that the custody of the minor was in no one at the time the application for appointment was made, and consequently there could be no service of the notice contemplated by the statute. If this application had been made within six months after the order of appointment, then under the authority of *Norton v. Atchison R. R. Co., supra,* and *People v. Temple, supra,* the true state of facts could have been shown *dehors* the record, but under this application petitioner is bound to rest her case upon the facts affirmatively disclosed by the record. Upon that state of facts we cannot say that the court lacked jurisdiction to make the order appointing the guardian.

For the foregoing reasons the order appealed from is affirmed.

Van Dyke, J., and Harrison, J., concurred.