PABÓN, ETC., PLAINTIFF AND APPELLEE, v. ALVARADO ET AL.,
DEFENDANTS (LÓPEZ, APPELLANT).

APPEAL from the District Court of Aguadilla on Motion for
Change of Venue.

No. 1783.—Decided March 15, 1918.

VENUE—JURISDICTION—SUBMISSION.—It does not follow that by submitting to
the jurisdiction of a court in a prior action the parties waived all right to
move for a change of venue if sued in another action even though the
second case arose out of the first, therefore the case does not fall within
the exceptions enumerated in section 75 of the Code of Civil Procedure.

The facts are stated in the opinion.

Mr. José Sabater for the appellant.

The appellee appeared pro se.

MR. JUSTICE WOLF delivered the opinion of the court.

This was an application for a change of venue by defend-
ant Herminio López. In a previous action on August 28,
1915, Angélica Alvarado, in representation of an illegitimate
child known as Herminia Alvarado, brought suit against the
said Herminio López to have the said Herminia Alvarado
declared the natural child of Eurípides López, the said prior
action resulting in a judgment against the pretensions of the
said natural child. The present action, brought by one claim-
ing authority from the District Court of Aguadilla, is to
annul all the proceedings in the former case, the complaint
alleging fraud and collusion between Herminio López and An-
gélica Alvarado who, it was maintained, brought the said
former action without any authority from any one and for
the purpose of putting a legal obstacle in the way of the
said natural child. The complaint also set up that both Her-
minio López and Angélica Alvarado were residents of Maya-
güez and not of Aguadilla, where each of the suits was
brought. Herminio López filed a demurrer, an affidavit of
merits and an application for a change of venue on the ground
that his legal residence was Mayagüez. The District Court

of Aguadilla refused to order the change of venue for the reason that the parties had submitted to the said District Court of Aguadilla in the previous action.

Now, while we have considerable sympathy with the action of the court, we think section 81 of the Code of Civil Procedure governs the case. Section 75 thereof enumerates certain cases, more or less affecting real estate, that must be tried in the district where such real estate lies. Section 81 says that in all other cases the action must be tried in the district where the defendants reside. The exceptions enumerated in that section have no relation to the present case. Section 82, fixing the formalities for a change of venue, has been followed.

*People* v. *Temple,* 103 Cal. 447, 37 Pac. 414, shows that a proceeding to annul a judgment may be by motion when the judgment is void on its face, or when a timely application is made to that end; but that for one not void on its face, the proper mode to annul is by action. This was an action to annul a judgment not void on its face and was properly conceived. It was an action which did not fall within the exceptions enumerated in section 75 of the Code of Civil Procedure and hence is governed by the residuary provision of section 81 of the said code. See also *Rivera Morales* v. *Maldonado, ante,* p. 202.

We cannot agree with the court below that by submitting in the first case the parties waived all right to move for a change of venue if sued in another action even though the second case arose out of the first. The right of defense at the jurisdiction of one's domicile is clearly pointed out by the code and we feel bound thereby.

The order appealed from must be

*Reversed and change of venue ordered.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.