Pabón, en Representación de Herminia Alvarado, Deman-
dante y Apelado, *v.* Alvarado y López, Demandados y
Apelante el Ultimo.

Apelación procedente de la Corte de Distrito de Aguadilla
en un incidente de traslado.

No. 1783.—Resuelto en marzo 15, 1918.

Traslado—Sumisión de Partes en un Pleito Anterior.—El hecho de haberse
sometido las partes en un primer pleito a la jurisdicción de una corte no
significa que renunciaron el derecho de solicitar el traslado en caso de que
se les demandara en otro pleito, aun cuando hubiera surgido el segundo del
primero, por lo que el caso no cae bajo ninguna de las excepciones al artículo
81 del Código de Enjuiciamiento Civil.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

El apelado compareció en nombre propio.

El Juez Asociado Sr. Wolf, emitió la opinión del tri-
bunal.

Trátase de una solicitud pidiendo el traslado del caso pre-
sentada por el demandado Herminio López. En una acción
anterior, Angélica Alvarado, en representación de una hija
ilegítima conocida por Herminia Alvarado, presentó en 28
de agosto de 1915 un pleito en contra del citado Herminio
López interesando se declarase a la referida Herminia Al-
varado hija natural de Eurípides López, resultando dicho
pleito anterior en una sentencia en contra de las pretensiones
de la citada hija natural. La presente acción, traída por
quien pretende tener autorización concedida por la Corte de
Distrito de Aguadilla, persigue se declare la nulidad de to-
dos los procedimientos habidos en el caso anterior, alegán-
dose en la demanda el fraude y confabulación entre Herminio
López y Angélica Alvarado quien, según se alega en la de-
manda, inició el mencionado pleito anterior sin autorización
de nadie y con el propósito de poner un obstáculo legal en
el camino de la citada niña natural. También se alega en
la demanda que tanto Herminio López como Angélica Alva-

rado eran vecinos de Mayagüez y no de Aguadilla, donde ambos pleitos se radicaron. Herminio López presentó una excepción previa, una declaración jurada de méritos, y una solicitud de traslado fundándose en que su residencia legal era Mayagüez. La Corte de Distrito de Aguadilla rehusó ordenar el traslado, por la razón de que las partes se habían sometido a dicha Corte de Distrito de Aguadilla en el pleito anterior.

Ahora bien, aún cuando tenemos considerable simpatía hacia la actitud de la corte, creemos sin embargo que el artículo 81 del Código de Enjuiciamiento Civil regula el caso. El artículo 75 del propio cuerpo legal enumera ciertos casos, que más o menos afectan bienes reales, que deben verse en el distrito en que radiquen tales bienes reales. El artículo 81 dice que en todos los demás casos el pleito deberá verse en el distrito en que residieren los demandados. Las excepciones enumeradas en aquel artículo no guardan relación alguna con el presente caso. Se ha seguido el curso determinado por el artículo 82, que fija las formalidades que han de llevarse a cabo para obtener el traslado del caso.

El caso de *People* v. *Temple,* 103 Cal. 447; 37 Pac. 414, demuestra que un procedimiento que persigue la nulidad puede iniciarse mediante moción al efecto cuando la sentencia es nula de su faz, o cuando se presenta una solicitud oportuna a tales fines; pero que para anular una sentencia que no es nula de su faz el modo apropiado para conseguirlo es presentando un pleito. Aquí se trataba de una acción para anular una sentencia que no era nula de su faz y fué debidamente concebida. Era un pleito que no caía dentro de las excepciones enumeradas en el artículo 75 del Código de Enjuiciamiento Civil, y por lo tanto está regulado por las restantes disposiciones del artículo 81 del propio Código. Véase también el caso de *Rivera* v. *Sucesión Rodríguez et al.,* (pág. 230) decidido con fecha de hoy.

No podemos estar conformes con la corte inferior de que por el hecho de haberse sometido las partes en el primer caso renunciaron al derecho de solicitar el traslado en el caso de que se les demandara en otro pleito aún cuando hubiese surgido el segundo caso del primero. El derecho a defenderse en la jurisdicción de su propio domicilio está claramente señalado en el código y nos sentimos obligados por sus preceptos.

Es de revocarse la orden recurrida.

> *Revocada la nota recurrida y ordenado el traslado del caso a la Corte de Distrito de Mayagüez.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.