[Civ. No. 4308. Second Appellate District, Division Two.—November 27, 1923.]

In the Matter of the Estate and Guardianship of ESTHER DAHNKE, a Minor.

[1] GUARDIAN AND WARD—PETITION BY FATHER—NOTICE TO MOTHER—EVIDENCE—JURISDICTION.—On an application by the father for letters of guardianship of the person and estate of his minor daughter, if the mother is living, but no notice of the petition is given to her and no proof is made to the court either that her address is unknown or that for some other reason notice cannot be given to her, the court is without jurisdiction to make an order appointing the father as guardian.

[2] ID.—NONCOMPLIANCE WITH STATUTE—JURISDICTION.—The power of the court to appoint the guardian is a special power conferred by statute, and the provisions of the statute as to notice must be substantially followed in order to make valid the exercise of the power; for compliance with the statute is a condition precedent to the valid exercise of the power, and is jurisdictional; and any attempt to exercise the power of appointment without compliance with such express requirement is a nullity.

[3] JUDGMENTS—VOID ON FACE—SETTING ASIDE—TIME.—A judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion, at any time after its entry, by the court which rendered the judgment or made the order.

[4] ID.—INVALIDITY NOT APPEARING ON FACE—MOTION TO VACATE—REASONABLE TIME.—A judgment or order which is in fact void for want of jurisdiction, but the invalidity of which does not appear from the judgment-roll or record, may be set aside on motion within a reasonable time after its entry, not exceeding the limit prescribed by section 473 of the Code of Civil Procedure; and an independent suit in equity to set aside the judgment or order is not necessary. The motion, in such case, is not necessarily based upon said section 473, but, in determining whether it is presented within a reasonable time, the period prescribed by said section within which motions under it may be made is the standard or criterion in all cases.

[5] ID.—WHAT CONSTITUTES REASONABLE TIME.—What is a reasonable time within which a motion may be made to set aside a judgment or order, not void on its face, must depend somewhat upon the circumstances of each particular case, and is not definitely determined further than that it will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure.

[6] Id.—Direct Attack—Evidence of Invalidity.—A motion to vacate a judgment or an order is a direct attack and not a collateral attack; and on such motion, if it be made in time, any facts going to show the invalidity of the judgment or order may be presented—facts *dehors* the record as well as facts appearing on the face of the judgment-roll or record.

[7] Guardian and Ward—Revocation of Letters—Order to Show Cause — Hearing — Time. — An order to show cause, issued pursuant to the petition of the mother, requiring the father to appear and show cause why the order appointing him guardian of the person and estate of their minor daughter should not be set aside and his letters of guardianship revoked, is the equivalent of and a substitute for a notice of motion for that purpose; and where the record shows that the ruling of the trial court setting aside the order of appointment and revoking the letters of guardianship issued was made within less than six months after the date of the order of appointment, it is apparent that the mother acted within the maximum time prescribed by section 473 of the Code of Civil Procedure.

[8] Id.—Reasonable Time—Discretion of Trial Court—Appeal.—If the invalidity of the order appointing the father as guardian of the person and estate of his minor daughter does not appear on the face of the record, then it is necessary not only that the motion by the mother to set aside such order should be presented within the six months' limitation prescribed by section 473 of the Code of Civil Procedure, but that it should be presented within a reasonable time after the entry of the order of appointment; but in determining whether or not the motion is presented within a reasonable time a large discretion is necessarily confided to the trial court, and the appellate court will not interfere with the exercise of the discretion of the lower court unless it is plainly made to appear that the court abused its discretion in making the order.

[9] Id.—Absence of Notice—Sufficiency of Petition to Vacate.— If it sufficiently appears from the petition of the mother to set aside the order appointing the father as the guardian of the person and estate of their minor daughter that one of the grounds of her prayer for revocation of the letters of guardianship is that no notice had been given to her as required by section 1747 of the Code of Civil Procedure, and that no proof had been made to the court which would dispense with the giving of such notice, such petition states facts sufficient to justify an order of revocation.

[10] Id.—Power to Give Notice—Burden of Proof.—The statute requires a father petitioning for letters of guardianship of a minor daughter to give the mother notice of the petition, or, in lieu of such notice, to make proof that the notice could not be

given, either because the mother's address was unknown or because of some other sufficient reason; and where the father did not comply with such requirement of the statute, upon a petition by the mother to set aside the order appointing the father as guardian it is not incumbent upon her to show that it was within his power to give the notice prescribed by the statute.

[11] ID.—FAILURE TO COMPLY WITH STATUTE—RIGHT TO MAKE PROOF UPON SUBSEQUENT HEARING.—Where the father, upon his application for appointment as guardian of his minor daughter, fails to give the notice prescribed by section 1747 of the Code of Civil Procedure, or to make proof that the notice could not be given, the making of such proof upon the hearing of the petition of the mother to set aside the order appointing the father as guardian will not satisfy the requirements of the statute.

[12] ID.—PETITION TO VACATE ORDER OF APPOINTMENT—FITNESS OF MOTHER IMMATERIAL ISSUE.—The fitness of the mother to have the custody of her minor daughter is an immaterial issue upon the mother's motion to set aside the order appointing the father as guardian, where such motion is made upon the ground of failure to comply with the provisions of section 1747 of the Code of Civil Procedure with respect to notice; and the refusal of the trial court to permit the father to show that the mother is an unfit person to have the custody of the child is no ground for reversal of the order setting aside the former order of appointment.

APPEAL from an order of the Superior Court of Orange County vacating an order previously made appointing appellant as guardian of his minor daughter. Z. B. West, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arthur E. Koepsel for Appellant.

Chas. D. Swanner for Respondent.

FINLAYSON, P. J.—This is an appeal by Henry Dahnke, the father of Esther Dahnke, a female minor of the age of ten years, from an order made by the superior court for Orange County on March 8, 1923, vacating an order previously made by that court appointing appellant guardian of the person and estate of the minor. The order appealed from was made upon the motion of Selma Dahnke Wichman, who is appellant's divorced wife and the mother of the minor, the principal ground of her motion being that the

court was without jurisdiction to make the order by which the father had been appointed guardian of their child.

The facts are substantially as follows: Appellant filed a petition for letters of guardianship on August 14, 1922, wherein he stated that the minor was under his care and custody, and that the only relatives residing in the county were himself, the minor's grandparents and an aunt. The father's petition made no mention of the minor's mother, petitioner's divorced wife. Upon the filing of the petition the court made an order directing that notice be given to each of the grandparents and to the aunt by a citation requiring each of them to show cause, on September 1, 1922, why the petitioner should not be appointed guardian. Such notices were given, and at the time set, without any notice having been given to the mother of the minor, the court appointed appellant guardian of his child's person and estate and directed the issuance to him of letters of guardianship upon his taking the oath and giving a bond in a fixed amount. Thereupon appellant qualified and letters of guardianship were issued to him.

On January 3, 1923, the mother filed a petition praying that an order be made by the superior court requiring appellant to appear and show cause why the order appointing him guardian should not be set aside and his letters of guardianship revoked. In her petition Mrs. Wichman alleges that appellant had knowledge of her place of residence when he filed his petition for letters, but that she was not given any notice thereof or of the hearing thereon, and that she had no actual knowledge of her former husband's petition or of the proceedings thereon until after his appointment as guardian. Her petition also states, on information and belief, that at the hearing on her former husband's petition for letters of guardianship he falsely represented to the court that the child's mother was dead.

Upon the filing of the mother's petition for revocation of the letters of guardianship an order was issued by the court directing appellant to appear on January 19, 1923, and show cause why the order appointing him guardian should not be set aside and his letters of guardianship revoked. In due time appellant filed a demurrer to his former wife's petition and also a notice of motion to strike out certain portions thereof.

At the hearing on the order directing appellant to show cause why the order appointing him guardian should not be revoked, namely, on February 28, 1923, the court overruled appellant's demurrer to his divorced wife's petition and denied his motion to strike, and thereupon made the order from which this appeal was taken—the order setting aside the order appointing appellant guardian and revoking the letters of guardianship theretofore issued to him.

It is recited in the order of revocation that, "upon examining the files and records" in the proceeding, it appears to the court that it "had no jurisdiction to make said order appointing Henry Dahnke as guardian of the person and estate of Esther Dahnke, a minor, for the reason that no notice of the hearing of the petition of Henry Dahnke for appointment of himself as guardian of said minor child was given to Selma Dahnke Wichman, the mother of said minor, nor was proof made to the court that her address was unknown or that for other reasons such notice could not be given."

[1] If, as the order of revocation recites, no notice of the hearing of appellant's petition for letters of guardianship was given to the mother and no proof was made to the court either that her address was unknown or that for some other reason notice could not be given her, then the court was without jurisdiction to make .the order appointing appellant guardian of his daughter's person and estate. Section 1747 of the Code of Civil Procedure, as amended in 1921, provides: "In all cases notice must be given to the parents of the minor or proof made to the court that their addresses are unknown, or that, for other reason, such notice cannot be given." Obviously this means that, if the parents' addresses be known, and no reason exists why notice cannot be given them, notice of the petition for letters of guardianship must be given to both parents. So that, if both parents be living, and if one of them be the petitioner for the letters of guardianship, notice must be given to the other if his or her address be known and no reason exists why it cannot be given. *A fortiori* must this be so where, as here, the parents are living separate and apart from each other. By the express terms of the statute it is made mandatory that notice be given to the nonpetitioning parent, or that, if such notice be not given, proof be made either that such parent's ad-

dress was unknown or that there was some valid reason why the notice could not or should not be given.

[2] The power of the court to appoint the guardian is a special power conferred by statute, and the provisions of the statute as to notice must be substantially followed in order to make valid the exercise of the power; for compliance with the statute is a condition precedent to the valid exercise of the power, and is jurisdictional. Any attempt to exercise the power of appointment without compliance with such express requirement is a nullity. (See *Estate of Eikerenkotter*, 126 Cal. 54 [58 Pac. 370].) In the *Matter of Lundberg*, 143 Cal. 407 [77 Pac. 158], the court, referring to the notice then required by the statute, said: "The statute does in terms require that notice shall be given to the person having the care of the minor, and such notice, for such time as the court may determine to be reasonable, is necessary to give the court jurisdiction to make the appointment." It follows that notice to Selma Dahnke Wichman, or statutory proof showing why it was not given, was absolutely necessary to give the court jurisdiction of the proceeding and power to make the order appointing appellant guardian. Therefore, the only question on this appeal is as to the power of the court to make the order setting aside its former order appointing appellant guardian and revoking his letters of guardianship.

[3] It is well settled that a judgment or order which is void on its face, and which requires only an inspection of the judgment-roll or record to show its invalidity, may be set aside on motion, at any time after its entry, by the court which rendered the judgment or made the order. (*People* v. *Greene*, 74 Cal. 400 [5 Am. St. Rep. 448, 16 Pac. 197]; *People* v. *Temple*, 103 Cal. 453 [37 Pac. 414].) [4] Equally well settled is it that a judgment or order which is in fact void for want of jurisdiction, but the invalidity of which does not appear from the judgment-roll or record, may be set aside on motion within a reasonable time after its entry, not exceeding the time limit prescribed by section 473 of the Code of Civil Procedure; and an independent suit in equity to set aside the judgment or order is not necessary. (*Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 388 [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452]; *People* v. *Temple, supra; Smith* v. *Jones*, 174 Cal. 513 [163 Pac. 890].) The motion,

in such case, is not necessarily based upon section 473; but in determining whether it is presented within a reasonable time, the period prescribed by section 473 within which motions under it may be made is, as said in *Smith* v. *Jones, supra,* "the standard or criterion in all cases."

The general common-law rule is that courts have power over their judgments during the entire term at which they are rendered, and may vacate them on motion (Freeman on Judgments, sec. 90 et seq.); but terms of court having been abolished with us, a motion to set aside a judgment, or order, not void on its face, must, as we have said, be made within a reasonable time, not exceeding the limit prescribed by section 473 of the Code of Civil Procedure. [5] What is a reasonable time within which a motion may be made to set aside a judgment or order, not void on its face, must depend somewhat upon the circumstances of each particular case, and is not definitely determined further than that it will not extend beyond the limit fixed by the last-mentioned code section. (*Norton* v. *Atchison etc. R. R. Co., supra; People* v. *Temple, supra; Smith* v. *Jones, supra.*)

[6] A motion to vacate a judgment or an order is a direct and not a collateral attack; and on such motion, if it be made in time, any facts going to show the invalidity of the judgment or order may be presented—facts *dehors* the record as well as facts appearing on the face of the judgment-roll or record. (*Norton* v. *Atchison etc. R. R. Co., supra; Estate of Eikerenkotter, supra.*)

In *Estate of Eikerenkotter,* which was an appeal from an order of the superior court refusing to set aside an order appointing a guardian, it is said that if the "record" discloses that the court had no jurisdiction to make the order of appointment, then the order is void on its face and can be attacked at any time. (126 Cal. 55 [58 Pac. 370].) Just what the court meant by its use of the word "record" in this connection is not altogether clear. In this state we have no statute prescribing, as in the ordinary action, what papers shall constitute "the judgment-roll" or "record" of an order in a guardianship proceeding. In the present case, however, it will not be necessary to decide whether or not the "record," as that word is technically understood, affirmatively discloses the nonexistence of the jurisdictional prerequisite—i. e., the lack of notice to the mother and the

absence of all proof that her address was unknown or that for other reason the notice could not be given her. This is so because, even if the absence of the jurisdictional requirement be not disclosed by what is technically called the "record"—the equivalent of the judgment-roll—the motion to vacate the order of appointment and to revoke the letters of guardianship was made in time to permit the absence of the jurisdictional requirement to be shown by evidence *aliunde* the documents which constitute what is technically the "record" in the proceeding. That is to say, if, as we presently shall show is the case, the motion to vacate the order of appointment was presented within the time limit prescribed by section 473, then it was enough that, as the revoking order recites, the absence of the jurisdictional matters is shown by "the files and records," whether those files and records constitute the "record," in the technical sense of that term, or are *aliunde* such record.

[7] An order to show cause is the equivalent of and a substitute for a. notice of motion. (15 Ency. of Pl. & Pr., p. 363; *McAuliffe* v. *Coughlin*, 105 Cal. 270 [38 Pac. 730]; *Dambmann* v. *White*, 48 Cal. 440; *Larson* v. *Minnesota etc. R. Co.*, 136 Minn. 423 [162 N. W. 523]; *Spaeth* v. *Sells*, 176 Fed. 797, 799.) "The purpose of such an order," says the court in *Marty* v. *Ahl*, 5 Minn. 34, "is to indicate to the attorney that he will find the judge at a certain place and time, ready to hear the motion, and nothing more or less." It follows, therefore, that the order to show cause which was served upon appellant January 10, 1923, was the equivalent of and a substitute for a notice by the mother of the minor that she would move the court to vacate the order appointing appellant guardian of their child. The mother's motion for the revocation of the order of appointment was actually presented to the court not later than February 28, 1923. This is made evident by the fact that on that day the court signed an order which, after reciting that the mother had presented her petition and that the court is satisfied that it had no jurisdiction to appoint appellant guardian, directs the mother's counsel to prepare the proper formal order of revocation. The period between September 1, 1922, the date of the order appointing appellant guardian of his daughter's person and estate, and February 28, 1923, the date of the ruling on the mother's petition to revoke the

appointment, is five months and twenty-seven days, or less than the maximum period of six months prescribed by section 473 of the Code of Civil Procedure.

[8] If, as we are assuming for the purpose of this decision, the invalidity of the order appointing appellant does not appear on the face of the "record," i. e., on the face of what is equivalent to the judgment-roll in ordinary actions, then it was necessary not only that the motion should be presented within the six months limitation prescribed by section 473, but that it should be presented within a reasonable time after the entry of the order appointing appellant guardian. What is a reasonable time in any case depends, as we have stated, upon the circumstances of that particular case. In determining whether or not the motion is presented within a reasonable time a large discretion is necessarily confided to the trial court, and the appellate court will not interfere with the exercise of the discretion of the lower court unless it is plainly made to appear that such discretion has been abused. (*Smith* v. *Pelton etc. Co.*, 151 Cal. 394, 398 [90 Pac. 934].) All presumptions will be indulged in favor of the correctness of the court's action, and the burden in all cases is upon the appellant to make it appear that the court abused its discretion in making the order. (*Moore* v. *Thompson*, 138 Cal. 23, 26 [70 Pac. 930].) We cannot say that in this case the trial court abused its discretion in holding, as it must have done, that the mother's motion was presented within a reasonable time.

[9] From the foregoing it follows that the lower court did have the power to make the order from which this appeal has been taken, unless, as appellant claims, there were certain insuperable procedural defects. It is claimed that the mother's petition does not state facts sufficient to justify the order of revocation. There is no merit in this contention. It was not necessary that the petition should measure up to the requirements of a complaint in an ordinary action. All that was necessary was that the mother's petition should state the ground or grounds upon which her motion would be made. It sufficiently appears from her petition, read as a whole, that one of the grounds of her prayer for revocation of the letters of guardianship was that no notice had been given her as required by section 1747 of the Code of Civil Procedure, and that no proof had been made to the

court which would dispense with the giving of such notice. More than that was not necessary. A copy of the mother's petition was attached to the order to show cause which was served upon appellant. Her petition thus became a part of her notice of motion—for that is what the order to show cause amounted to; and the grounds of her motion having in this manner been made to appear, it was not necessary that her petition should state the facts in detail. (*O'Brien v. Leach,* 139 Cal. 220 [96 Am. St. Rep. 105, 72 Pac. 1004].) Indeed, the mother's petition unnecessarily details many facts which are not at all essential to the revocation of the order appointing appellant guardian.

[10] Appellant seems to think that it was incumbent upon his former spouse to show that it was within his power to give the notice which he failed to give. No such burden rested upon the mother of the minor. The statute requires the petitioner for letters of guardianship to give the parent notice of the petition, or, in lieu of such notice, to make to the court proof that the notice could not be given, either because the parent's address was unknown or because of the existence of some other sufficient reason. Such notice must be given or such proof made before the entry of the order appointing the guardian; and the burden rests upon the petitioner for the letters either to give such notice or to make such proof. If he fails to do either the court is without jurisdiction to make the appointment.

Appellant complains that he was deprived of his day in court because, as he asserts, the court, after overruling his demurrer to the mother's petition and denying his motion to strike, proceeded with the hearing on the order to show cause without permitting him to introduce evidence that his former wife's address was in fact unknown to him, and without permitting him to show that she is not a fit and proper person to have the custody of the minor. The objection lacks merit. In the first place, the record before us does not suffice to show that appellant was not given every opportunity to present all relevant and material evidence. The appeal has not been brought up on a printed transcript, and consequently there is no bill of exceptions before us. The appeal was taken under section 953a of the Code of Civil Procedure, and the record here consists only of the clerk's transcript of certain documents and orders—the docu-

ments and orders already mentioned. The clerk does not certify that these were all the documents filed in the case; nor does his transcript purport to show what took place at the hearing on the order to show cause why the letters of guardianship should not be revoked. For aught that appears to the contrary in the record before us, appellant may have been given every opportunity in the lower court to introduce all the evidence which he believed to be relevant to the question then before the court, i. e., the question of the court's jurisdiction to make the order appointing him guardian. In the next place, the recitals in the order appealed from—recitals which are *prima facie* true—show that the lack of the jurisdictional requirement appeared from an examination of "the files and records" in the proceeding. Appellant does not contend that notice of his application for letters of guardianship was given to his ex-wife. Indeed, his petition negatives any such idea, for it makes no mention whatever of his former spouse, although it does mention the other persons whom the statute entitles to notice of the proceeding. If, as a substitute for such notice, appellant had made proof to the court, prior to his appointment, that his former wife's address was unknown, then the trial court would be warranted in inferring that some reference to such proof would appear somewhere in the files or on the minutes of the court. True, we are assuming, for the purposes of this decision only, that the absence of the jurisdictional requirement is not shown affirmatively upon the face of what is technically the "record" in the proceeding. But since the motion for the revocation of the letters of guardianship was seasonably presented, evidence *dehors* the "record" was admissible to show that the court had not acquired jurisdiction to make the order appointing appellant guardian. That is, the order of revocation could properly be based upon inferences reasonably deducible from the matters disclosed by the "files and records" in the proceeding, even though they were not such files or records as would constitute the "record" in the strict sense of the term. And in view of the inferences which may reasonably be drawn from the contents of appellant's petition for letters of guardianship, to say nothing of the other "files and records" in the proceeding, it is difficult to conceive how he could have succeeded in showing that his former wife had in fact been

given notice or that he had in fact made proof to the court that her address was unknown. But, be this as it may, appellant does not claim that he expected to give testimony at the hearing on the order to show cause which would have shown either that his former wife had in fact been given the statutory notice or that, prior to his appointment as guardian, he did make to the court the statutory proof which would have dispensed with the necessity for such notice. [11] What he does claim is that at the hearing on his divorced wife's order to show cause he was not given an opportunity to show at that time that he did not know his former spouse's address when he filed his petition for letters. But such proof, made after his appointment as guardian, would not have satisfied the requirements of the statute. If, as seems to be conceded, no notice was given to the mother of the child, then, in order to confer jurisdiction upon the court to appoint appellant guardian of the minor, it would be necessary for him to make proof, prior to the time when the court made its order appointing him guardian, that the mother's address was unknown or that for some other reason notice to her could not or should not be given. Such proof after the order appointing him guardian could not breathe the breath of life into the stillborn order.

[12] If it be a fact that the court gave appellant no opportunity to show that the mother was an unfit person to have the custody of the child, that is no ground for a reversal. Such an issue was entirely immaterial on the hearing of the mother's motion. The court could not thereon determine any question as to the ultimate custody of the child. The sole question properly before the court was as to whether the mother should be relieved from an order which deprived her of all right to her child's custody but which the court was without jurisdiction to make. (*Guardianship of Van Loan*, 142 Cal. 423, 428 [76 Pac. 37].) When it appeared to the court that it was without jurisdiction to make the order appointing appellant guardian it was its duty to set aside the order, recall the letters of guardianship, and hear the matter *de novo*, when all parties could have a showing.

The order is affirmed.

Works, J., and Craig, J., concurred.