[Civ. No. 6292. First Appellate District, Division One.—August 2, 1928.]

In the Matter of the Guardianship of the Person and Estate of THOMAS DUDLEY ARKLE, a Minor. MAGGIE-BELLE DRAKE, Appellant, v. ALWYN W. ARKLE. Respondent.

W. I. Gilbert for Appellant.

Jones, Wilson & Stephenson for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment revoking letters of guardianship of the person and estate of Thomas Dudley Arkle, a minor, issued to Maggiebelle Drake, the maternal grandmother of such minor, and also from the order of the court appointing Alwyn W. Arkle, the father, as guardian.

Respondent Alwyn W. Arkle and Whitney Lee Arkle intermarried October 14, 1920, at Paris, Kentucky, and a son, Thomas Dudley Arkle, was born of this marriage August 8, 1921. Respondent and the daughter of appellant lived together as husband and wife at Lexington, Kentucky, from March, 1922, till November 19, 1922, when respondent and his wife separated, respondent going to live with his parents. Prior to the date of separation respondent and his wife entered into an agreement regarding the future care, custody, and control of their minor child, Thomas Dudley Arkle, and provided in the agreement that the care, custody, and control of such minor, in the event of the death of either respondent or his wife, should be in the maternal grandmother, Maggiebelle Drake. In January subsequent to the separation between respondent and his wife appellant herein and respondent's wife came to Los Angeles, arriving about January 16, 1923, bringing with them the minor child. Respondent received two letters and one postcard from his wife en route and received about a dozen letters from her after she arrived in California and wrote to her every day after she arrived in California. Respondent arrived in Los Angeles in March, 1923, and went to where his wife and appellant were living in the Kentucky Apartments in that city. He asked appellant if he could see his wife, and appellant replied that he could see neither his wife, who

was ill as the shock might kill her, nor his minor son, who was sleeping at the time. Respondent then returned to Lexington, Kentucky, and wrote several letters to his wife and received no answer. Some of the letters were sent by registered mail and return receipt demanded. Respondent did get cards in return, which were lost. The name of Maggiebelle Drake was on most of the cards. These letters were sent for the purpose of trying to locate his wife. The first that respondent learned of the death of his wife was the date her ashes arrived in Lexington about September 1, 1924.

On March 15, 1923, appellant's daughter made her will in which, aside from personal effects, she devised and bequeathed all of her property to her mother, appellant herein, and in said will nominated and appointed appellant to be guardian of the person and estate of Thomas Dudley Arkle. On January 21, 1924, appellant's daughter instituted an action for divorce and respondent defaulted, and an interlocutory decree was entered on May 29, 1924. On February 5, 1924, respondent instituted an action for divorce against his wife in the state of Kentucky, but judgment therein was not offered in evidence. Respondent's wife died August 24, 1924, at Van Nuys, Los Angeles County, California. Upon the death of the minor's mother and about August 24, 1924, appellant Maggiebelle Drake, the maternal grandmother, filed her petition for the appointment of herself as the guardian of the person and estate of the minor, Thomas Dudley Arkle, and was on September 24, 1924, appointed guardian. On July 28, 1925, respondent, as the father of the child, filed a petition to revoke the letters of guardianship issued to Maggiebelle Drake. In respondent's petition for the revocation of the letters of guardianship he claimed, among other grounds, failure of the statutory notice to him of such petition. Appellant replied to respondent's petition and among other defenses and in support of her appointment as guardian set up the agreement entered into between respondent and his wife wherein the father and mother of the minor child had agreed that she—the maternal grandmother—in the event of the death of either of its parents should have the actual custody of such child and should have the direction and control of his education and become the adviser of any guardian or trustee that might be appointed for the hold-

ing or management of the estate of such minor. Upon the trial of the issue of guardianship the court rendered judgment in favor of respondent and revoked the letters of guardianship issued to Maggiebelle Drake.

The original petition for letters of guardianship filed by appellant among other things stated that Alwyn W. Arkle is the father of the minor child and resides in Lexington Kentucky. It is therefore apparent that the residence of respondent, the father of the minor, was known to the petitioner for letters of guardianship, and no notice of the hearing was given him, and no proof was made to the court that for some reason notice of the hearing could not be given. The petition was filed in August, 1924, and therefore subsequent to the amendment of section 1747 of the Code of Civil Procedure, adopted in 1921, providing: "Notice of Proceeding. Before making such appointment, the court must cause such notice as such court deems reasonable to be given to any person having the care of such minor, and to such relatives of the minor residing in the county as the court may deem proper. *In all cases notice must be given to the parents* of the minor or proof made to the court *that their addresses are unknown,* or that, *for other reason,* such notice cannot be given.'' This amendment was before the court in *In re Esther Dahnke,* 64 Cal. App. 555, 559 [222 Pac. 381, 383], wherein the court says: "If, as the order of revocation recites, no notice of the hearing of appellant's petition for letters of guardianship was given to the mother and no proof was made to the court either that her address was unknown or that for some other reason notice could not be given her, then the court was without jurisdiction to make the order appointing appellant guardian of his daughter's person and estate. Section 1747 of the Code of Civil Procedure, as amended in 1921, provides: 'In all cases notice must be given to the parents of the minor or proof made to the court that their addresses are unknown, or that, for other reason, such notice cannot be given.' Obviously this means that if the parents' addresses be known, then no reason exists why notice cannot be given them, notice of the petition for letters of guardianship must be given both parents. So that, if both parents be living, and if one of them be the petitioner for the letters of guardianship, notice must be given to the other, if his or her address be known

and no reason exists why it cannot be given. *A fortiori* must this be so where, as here, the parents are living separate and apart from each other. By the express terms of the statute it is made mandatory that notice be given to the nonpetitioning parent, or that, if such notice be not given, proof be made either that such parent's address was unknown or that there was some valid reason why the notice could not or should not be given. The power of the court to appoint the guardian is a special power conferred by statute, and the provisions of the statute as to notice must be substantially followed in order to make valid the exercise of the power; for compliance with the statute is a condition precedent to the valid exercise of the power, and is jurisdictional. Any attempt to exercise the power of appointment without compliance with such express requirement is a nullity. (See *Estate of Eikerenkotter*, 126 Cal. 54 [58 Pac. 370]; *In the Matter of Lundberg*, 143 Cal. 407 [77 Pac. 158].) ''

■ In the present case the court found that each of the parties to the contest was a fit and proper person and properly qualified to act as guardian, and therefore respondent, being the father of the minor, has priority of right over appellant, the maternal grandmother, unless this right is lost to him by reason of the agreement made with his wife respecting the custody of the child in the event of the death of either of them. In the *Matter of Forrester*, 162 Cal. 493 [123 Pac. 283], the court says: ''The minor was of the age of nineteen months when this proceeding was instituted. Under the provisions of section 1751 of the Code of Civil Procedure it is made the duty of the court to appoint the father or mother of a minor child under the age of fourteen years, if such parent is 'found by the court competent to' discharge the duties of guardianship.' Inasmuch as the presumption of law is in favor of competency, 'the section is to be construed as if it read that the father or mother is to be appointed if not found by the court incompetent.' (*In re Campbell*, 130 Cal. 380 [62 Pac. 613].) Accordingly, where the father is competent, he is entitled to letters of guardianship in preference to the grandmother, even though the court may find that the child's health and welfare would be promoted by granting guardianship to the grandmother. (*Guardianship of Salter*, 142 Cal. 412 [76 Pac. 51].) In

a case like this, the primary subject of inquiry is, then, the competency of the parent applying to act as guardian. If found competent, he or she must be appointed as against a more distant relative or a stranger."

Appellant contends that the father has irrevocably waived his right to be appointed guardian by reason of his agreement with his wife whereby he agreed that in the event of the death of either, the maternal grandmother should have the custody of their minor child and the direction and control of his education, etc., and further that by a decree of divorce entered in Los Angeles County the mother—who by her will nominated appellant guardian—was awarded the care and custody of the minor child. ■ While parents have a right to contract with each other as to the custody and control of their offspring and to stipulate away their respective parental rights (*Sargent* v. *Sargent,* 106 Cal. 541 [39 Pac. 931]), this right so to stipulate is subject to the control of the court in which the matter affecting the child is pending, and the court is not required to award the custody in conformity with such stipulation (9 Cal. Jur. 794; *Anderson* v. *Anderson,* 56 Cal. App. 87 [204 Pac. 426]).

■ As to the decree of divorce and the nomination of appellant as guardian of the minor child by the last will of the deceased mother as affecting the father's right to letters of guardianship, the court in the *Matter of Allen,* 162 Cal. 625, 627 [124 Pac. 237, 239], says: "The right to appoint a guardian by will or deed is statutory. Under the law of this state (Civ. Code, sec. 241) a guardian of a legitimate child may be so appointed 'by the father, with the written consent of the mother; or by either parent, if the other be dead or incapable of consent.' The father, in this case, was not dead when the will took effect. Nor was he 'incapable of consent.' It is argued that the decree of divorce, whereby the custody of the child was awarded to the mother, terminated the father's claims to the control of the child, and made him incapable of objecting or consenting to any disposition that the mother might see fit to make. The contention attributes a very broad meaning to the term "incapable of consent.' But even if this interpretation be adopted, the argument fails for the reason that the father's right was not absolutely ended by the decree of divorce. The decree dealt with the situation as it stood, and merely deter-

mined that, as between the husband and the wife, the child should be placed in the custody of the latter until some other disposition should be made. (Civ. Code, sec. 138.) It did not undertake to provide for the custody of the child after the mother's death. In line with this view, it is almost universally held that, upon the death of the parent to whom is awarded the custody of a minor child by the decree divorcing the parents, the other parent becomes entitled to the custody."

Appellant's claim that the trial court failed to find upon the issue raised by the proceeding regarding the agreement introduced in evidence, is without merit. The court found that the agreement was entered into on the first day of November, 1922, and that the same was prepared by the attorney for Mrs. Maggiebelle Drake at the instance and request of Whitney Lee Arkle, the mother of the minor, without any knowledge whatsoever upon the part of respondent; that the preparation of such paper had at no time been discussed or its contents revealed to respondent; that at the time of the signing the mother was very ill and confined to her bed, and specifically requested respondent to sign the writing; that solely because of her request and of her illness and because of a desire to please his wife, and particularly not to do anything to do her harm, respondent signed the document. This finding, if requisite to sustain the judgment, finds support in the testimony of respondent.

We have examined the cases cited and find none from this state at variance with the views here expressed. The judgment and order are affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 1, 1928.

All the Justices present concurred.