[Civ. No. 1437. Fourth Appellate District.—November 6, 1933.]

In the Matter of the Guardianship of ANNA MAY CALLA-
WAY, a Minor.  GRACE EDITH CALLAWAY et al.,
Appellants, v. GUY BARNES, Respondent.

Will H. Light for Appellants.

Swing & Swing for Respondent.

BARNARD, P. J.—On July 15, 1931, an order was entered in the Superior Court of San Bernardino County appointing the respondent as guardian of the person of Anna May Callaway, a minor child, and letters of guardianship were duly issued. The petition in the matter alleged that the said minor had been in the custody of petitioner and his wife since about April 2, 1927; that the parents of said child had relinquished her to the petitioner and his wife; that there were no relatives of the minor residing in San Bernardino County; and asked that the court cause such notice to be given as upon inquiry was deemed reasonable. Attached to the petition was a consent and waiver of notice signed by the petitioner's wife. On the same day another order to the effect that no notice of the time and place of hearing the petition be given was filed.

On November 18, 1932, on application of the mother and grandmother of the child, a citation was issued requiring the respondent to show cause why these letters of guardianship should not be revoked. This application was based upon the ground that the court had no jurisdiction to make the original order appointing a guardian, since no notice of the proceeding was given to the mother or grandmother of the child. Affidavits of the mother and grandmother were filed in which they alleged that the grandmother had resided continuously at a certain address in Venice, California, for a period of eight years; that this fact and this address were known to the respondent; and that the respondent at all times knew that the mother of the child could be reached by communicating with the grandmother at that address. After a hearing, an order was entered denying the application to vacate and set aside the appointment of a guardian and from this order this appeal is taken.

The appellants concede that the original order appointing a guardian, which does not purport to recite any facts or acts upon which the jurisdiction of the court depended,

would be sufficient and conclusive upon the mattter of jurisdiction if it stood alone. It is contended, however, that the additional order to the effect that no notice be given conclusively shows that no notice was in fact given, and that it affirmatively appears therefrom that the court entirely disregarded the statute requiring notice to the parents and therefore had no jurisdiction.

■ It is well settled that a judgment or order void on its face may be set aside at any time, and that an order or judgment may be set aside where jurisdiction is in fact wanting but where the invalidity does not appear from the judgment-roll or record, if application therefor is made within six months from the date of its entry (*In re Dahnke,* 64 Cal. App. 555 [222 Pac. 381]; *Estate of Eikerenkotter,* 126 Cal. 54 [58 Pac. 370]). ■ The application here in question, made approximately sixteen months after the original order was entered, came too late unless the original order is void upon its face or, in other words, unless its invalidity appears from an inspection of the judgment-roll.

■ There has been some doubt as to just what constitutes a judgment-roll in a guardianship proceeding (*In re Dahnke, supra*). Assuming that the order to the effect that no notice need be given is a part of the judgment-roll, we are unable to view that order as disclosing that the court was without jurisdiction to act in this matter. Section 1747 of the Code of Civil Procedure, as then existing, read in part as follows: "In all cases notice must be given to the parents of the minor or proof made to the court that their addresses are unknown, or that, for other reason, such notice cannot be given." That provision does not require the giving of notice to the parents of a minor in all cases, but permits the omission of such notice upon proof of certain facts. Where such proof is offered it is the duty of the court to pass upon its sufficiency. Where such evidence is considered sufficient by the court, but no separate order is made with reference thereto it will be presumed, in support of the order of appointment, that proper proof has been made of facts sufficient to excuse the giving of notice. We are unable to see why a different situation exists if a court affirmatively finds and orders that no further notice need be given. The making of such an order would indicate that proper proof had been made rather than that the court was

disregarding the statute and refusing to comply therewith. The order having been made by a court of general jurisdiction all presumptions are in its favor.

In *Estate of Eikerenkotter, supra,* the court said: "But in this case, from an inspection of the record . . . we find nothing showing the order of appointment to be void as beyond the power of the court to make. The fact of service, and not the proof of service, gives a court jurisdiction to hear and determine. Here there is nothing in the record to disprove the fact of service of the notice upon the person having the custody of the minor. Lack of jurisdiction must be affirmatively shown by the record." Nothing in the record before us shows that proof was not presented to the court which justified a finding and an order that no further notice need be given. ■ The jurisdiction of the court depends upon the facts shown and not upon whether or not any order made sets forth the facts upon which it is based. In our opinion, the order appointing the respondent as guardian of this minor is not void upon its face and no invalidity appears from an inspection of the judgment-roll.

The order appealed from is affirmed.

Marks, J., and Jennings, J., concurred.