[Civ. No. 12341. Second Dist., Div. One.—April 19, 1941.]

MILDRED WASHKO et al., as Administrators, etc., Plaintiffs, v. JOEL STEWART et al., Defendants; HOWARD AUTOMOBILE COMPANY OF LOS ANGELES (a Corporation), Appellant, JOHN C. BINKERT, Respondent.

Gibson, Dunn & Crutcher, Norman S. Sterry, Ira C. Powers, Frederic H. Sturdy, Van C. Niven and George H. Whitney for Appellant.

Lasher B. Gallagher for Respondent.

WHITE, J.—Defendant Howard Automobile Company, hereinafter referred to as Howard, appeals from an order granting the motion of a codefendant, John C. Binkert, for a new trial to be had by plaintiffs against defendant Howard.

The litigation with which we are here concerned was originally instituted by the plaintiffs as the personal representatives of Albert B. Washko, deceased, against Joel Stewart, John C. Binkert and Howard. By their complaint plaintiffs charged that the decedent died as the result of injuries sustained when he was struck by an automobile driven by defendant Stewart, who was allegedly operating the same as the agent and servant of Howard, and that defendant Binkert was the registered owner of the said automobile, which at the time of the accident was being operated and driven with such owner's consent.

Summons was issued on the 9th day of December, 1934, and was served on Howard December 12th and on Stewart two days later. When the return of service was made it also showed by affidavit that defendant Binkert was likewise served on December 14, 1934.

The joint answer of defendants Stewart and Howard, verified by an officer of Howard, denied that Stewart was acting as the agent or servant of Howard; alleged that on the contrary, in returning the automobile to Binkert he was acting as an independent contractor; denied any negligence on the part of defendant Stewart, and set up the plea of contributory negligence on the part of the deceased. Subsequently, on April 2, 1935, plaintiffs gave notice to the defendants Stewart and Howard of intention to move to set the cause for trial upon the ground that the same was at issue, and trial was set for May 10, 1935.

The defendant Binkert not having answered, plaintiffs' counsel on May 4, 1935, filed a request for the entry of the default of such defendant; and the clerk thereupon caused the said default to be entered. The case then came on for trial against the two remaining defendants before the court

sitting without a jury, on May 17, 1935. Following trial of the cause the court found that Stewart was negligent in operating the automobile and absolved the deceased of negligence. The court further found that Stewart was not operating the automobile as the agent or servant or employee of Howard, but as an independent contractor, and that the automobile in question was owned by defendant Binkert. Following findings that the heirs of the decedent had been damaged in the sum of $12,000, judgment for that amount was entered against Stewart, while judgment was entered against Binkert as the owner of the car in the sum of $5,000, pursuant to the provisions of section 1714½ of the Civil Code (now section 402 of the Vehicle Code). Findings of fact and conclusions of law were filed January 20, 1936, and findings and judgment against the defendants Stewart and Binkert were entered two days later. On January 24, 1936, notice of entry of judgment was duly served.

On January 29, 1936, defendant Stewart filed a notice of intention to move for a new trial, and on February 1st, plaintiffs filed a notice of intention to move for a new trial against Howard, and a motion under sections 663 and 663a of the Code of Civil Procedure to vacate the judgment in favor of Howard. All such motions were denied on March 3, 1936. On the 21st and the 31st of the same month, respectively, the plaintiffs appealed from the judgment against them and in favor of Howard, and the defendant Stewart appealed from the judgment in favor of plaintiffs and against him. On April 14, 1937, the District Court of Appeal affirmed both judgments (*Washko* v. *Stewart,* 20 Cal. App. (2d) 345 [67 Pac. (2d) 151]; Id., 20 Cal. App. (2d) 347 [67 Pac. (2d) 144]), and on June 10, 1937, petitions for hearing in the Supreme Court were denied resulting in the *remittiturs* of the District Court of Appeal being lodged in the superior court on June 21, 1937.

On July 23, 1937, plaintiffs caused to be filed and served an affidavit and order for appearance of the defendant Binkert for examination as a judgment debtor. On August 26, 1937, by a stipulation signed by Binkert and his attorneys, the matter was continued to September 8th. In the affidavit served upon Binkert as of date July 23, 1937, there was contained a recital that "judgment was entered therein on January 22, 1936, for plaintiffs and against John C. Binkert

for $5,000 and costs''. It further appears that Binkert's driver's license was suspended August 4, 1937, in accordance with the provisions of section 410 of the Vehicle Code, which provides for the suspension of such license in case of failure to pay a judgment. On September 23, 1937, defendant Binkert and his wife appeared in person and by attorney, were sworn, examined as judgment debtors, and discharged.

On November 2, 1937, defendant Binkert served upon counsel for plaintiffs a notice that he would move under section 473 of the Code of Civil Procedure to vacate and set aside the judgment entered against him upon the ground that the judgment was void for the reason that summons had never been served upon him, either personally or otherwise. It should here be noted that defendant Binkert did not serve the last-named notice upon counsel for either defendants Stewart or Howard. The record also indicates that at the trial of the cause, when defendant Binkert was called as a witness under section 2055 of the Code of Civil Procedure, the court, while Binkert was on the witness-stand, announced in his presence that he was a party defendant and that his default had been entered.

In his affidavit to vacate and set aside the judgment under section 473 of the Code of Civil Procedure, defendant Binkert stated that he did not learn of the entry of the judgment against him until October 22, 1936, which notice, he claimed, reached him in a letter from a collection agency, and which was attached as an exhibit to his affidavit, and which advised him of the entry of the $5,000 judgment against him as the owner of the automobile involved in the accident. Defendant Binkert accompanied his motion with a proposed answer to be filed on his behalf, admitting all the allegations of the complaint except that the deceased was injured through any negligence of Binkert and that Stewart was driving with Binkert's consent. On November 8, 1937, the last-named motion came on for hearing. While counsel for plaintiffs appeared, he made no opposition to the granting of the motion, nor did he file any counter-affidavits, and the motion was granted. Ten days later Binkert filed an answer in which he denied that the deceased was injured through the negligence of any of the defendants; denied that Stewart unlawfully operated said automobile; admitted that the same was owned by Binkert, but denied that it was being driven

by Stewart with his acquiescence and consent; and alleged that Stewart was an employee of Howard.

On January 17, 1938, plaintiffs' counsel caused to be served on counsel for defendant Binkert a motion to set the case for trial. Two days later Binkert through his counsel filed an objection to setting the case for trial on the grounds that Howard was not then a party to the action, judgment having been entered in favor of Howard after a trial on the merits; that plaintiffs were estopped from proceeding against Binkert, and that the appeal by plaintiffs from the judgment against them and in favor of Howard was pending and undetermined. It appears, however, as heretofore noted, that the appeal had been determined and the *remittitur* returned to the trial court on June 21, 1937. Binkert's objection to setting the cause for trial was sustained. On June 17, 1938, plaintiffs filed a second notice to set the cause for trial, and defendant Binkert making no objection thereto, the cause was set for November 7, 1938, being then continued to November 15th, upon which latter date it was called for trial; but at that time, instead of proceeding to trial, it appears that Binkert filed a notice of intention to move the court to vacate and set aside the judgment in favor of Howard and against the plaintiffs and to grant plaintiffs a new trial against Howard, and at the same time there was filed a notice of motion for leave to file a cross-complaint against Howard, the notices of these motions being supported by affidavit of defendant Stewart, from which it might be inferred that at the time of the accident his relationship with Howard was in fact that of employee and that he was not an independent contractor. These motions were called for hearing on November 18th, defendant Binkert appearing by counsel and the defendant Howard being also represented, as was defendant Stewart. As grounds for its claim that the court was without jurisdiction to consider, pass upon or grant the motion of defendant Binkert for a new trial, defendant Howard asserted:

"(1) That the court had no jurisdiction to consider or grant the said matter for several reasons, which will be more fully stated hereafter.

"(2) That the plaintiffs were not entitled to a new trial

"(3) That all rights, if any, that existed to move for a new trial had long since been lost by laches.

"(4) That the entire proceeding on its face was sham and collusive for the purpose of enabling the plaintiffs, through the assistance of Binkert as a defendant, to relitigate issues between the plaintiffs and Howard upon which there had been a final judgment between the parties."

Following argument and submission, the motion for a new trial was granted, and it is from that order that the defendant Howard prosecutes this appeal.

We have no hesitancy in saying that because of the lapse of time between the entry of the default judgment and the application by defendant Binkert for relief therefrom, the court was without jurisdiction to set aside such judgment of default. The default against Binkert was entered May 4, 1935, and judgment upon such default was entered January 22, 1936, while the motion by defendant Binkert to vacate and set aside such judgment was not served or filed until November 2, 1937, a period of practically two and one-half years from the time of the entry of the default and more than a year and nine months from the date of entry of judgment thereon. It is also significant that defendant Binkert did not seek relief from the default until more than a year after he admittedly had knowledge of the existence of a $5,000 judgment against him predicated upon such default. Undoubtedly if Binkert was not served with summons he was absolutely within his rights in moving to have the judgment set aside, because he was thereby, in violation of a fundamental principle, deprived of his property without due process of law; and this right he possessed irrespective of sections 473 or 473a of the Code of Civil Procedure. However, his right to invoke the aid of the court through a motion made in the action itself is conditioned upon his making such motion within a reasonable time. By an unbroken line of judicial decisions it is established as the law of this state that a motion such as the one with which we are here concerned may not be made beyond the time limit specified in section 473a of the Code of Civil Procedure for making similar motions under that section. (*Smith* v. *Jones,* 174 Cal. 513 [163 Pac. 890].) Therefore, the motion not having been made within one year after rendition of the judgment, the court was without authority to grant the relief sought herein. (*Sepulveda* v. *Apablasa,* 25 Cal. App. (2d) 390, 392 [77 Pac. (2d) 530]; *F. E. Young Co.* v. *Fernstrom,* 31 Cal. App. (2d)

(Supp.) 763, 765, 766 [79 Pac. (2d) 1117].) When the ordained period of time within which to make such a motion has expired the aggrieved party has his remedy in a separate suit in equity.

■ It is true, as contended by respondent, that the rule just announced has been held inapplicable where the default was obtained by fraud (*McGuinness* v. *Superior Court*, 196 Cal. 222 [237 Pac. 42]), but in the case at bar there was no claim made at the time the motion was interposed to set aside the default that failure to serve the summons was the result of actual or intentional fraud on the part of either plaintiffs or defendant Binkert or any of his codefendants. The motion was predicated solely upon the ground that service of summons had not in fact been made. Further, it clearly appears that the default of Binkert was not entered at the instigation or request of appellant Howard, but on motion of plaintiffs. The facts and circumstances present in the case before us do not warrant application of the rule laid down in *McGuinness* v. *Superior Court, supra,* but on the contrary, come squarely within the holding in the well-considered cases of *Richert* v. *Benson Lumber Co.,* 139 Cal. App. 671 [34 Pac. (2d) 840], and *Vaughn* v. *Pine Creek Tungsten Co.,* 89 Cal. App. 759, 761, 762 [265 Pac. 491]. Even though respondent Binkert asserts that the default judgment was obtained against him by extrinsic fraud, he should not be permitted to wait as he did until more than a year after he concededly had actual notice of such judgment before attacking it. There must be a finality to litigation, and if a party may wait more than a year before seeking relief from a default judgment, then why may he not wait five, ten or more years?

■ Respondent Binkert's claim that the judgment in the instant case had not become final by reason of appeals until the *remittiturs* were filed in the superior court on June 21, 1937, and that his time to move to set aside the default judgment was tolled pending final determination of such appeals, is answered by the statement that no appeal was taken nor was any appeal ever pending from the judgment of default against respondent Binkert.

■ Respondent urges that because of the rule which requires an appellate tribunal to indulge in every presumption in favor of the validity of the trial court's orders, we should assume that oral or documentary evidence establishing ex-

trinsic fraud against Binkert was introduced on the hearing of his motion and that the order setting aside such default was predicated upon such evidence. True, we must indulge in every reasonable presumption to support the order made by the court, but there is a well-defined limit to an appellate tribunal's power in indulging in such presumptions. Where presumptions would do violence to the facts presented by the record of the inferior court, we cannot indulge in such presumptions. Nor must we ignore the presumption that the record reflects all matters material to a consideration of the points presented. The record before us shows that the notice of motion to set aside the default stated as the sole and only ground the claim that service of summons had never been made upon respondent and that for such reason alone the judgment against him was void. The motion specifically and unequivocally stated: "Said motion will be based upon this notice, the affidavit which is attached hereto and made a part of this motion, and upon the records and files of this action."

There is another and compelling reason why the court was without power to set aside the default judgment against respondent Binkert so far as appellant Howard was affected thereby. Section 473 of the Code of Civil Procedure, where it provides for vacating void judgments, expressly requires notice to the adverse party. It is the theory of respondent that the setting aside of the default judgment and his re-establishment as a party litigant in the case gave him a right to attack and set aside the judgment rendered in favor of Howard fully exonerating Howard from any liability, at least so far as plaintiffs were concerned. If, as contended by respondent, such was the effect of setting aside the default judgment, then certainly Howard was a necessary party to the motion to set aside the default judgment and was entitled to notice of such motion and an opportunity to resist it. Because the rights of Howard would be affected by the order which the motion sought to secure, and concededly no notice having been given to Howard of such impending motion, the court was without jurisdiction to set aside the previously entered judgment so far as respondent Howard was affected thereby. (*McDonald* v. *Severy,* 6 Cal. (2d) 629 [59 Pac. (2d) 98]; *Linsteadt* v. *Superior Court,* 17 Cal. App. (2d) 9, 13 [61 Pac. (2d) 355].) Being in default as to appellant

320

Howard, respondent Binkert was not entitled to make a motion for a new trial.

The foregoing conclusions at which we have arrived render unnecessary a consideration or discussion of other points raised.

The purported order granting a new trial being a nullity so far as appellant Howard is concerned, it must be reversed. It is so ordered.

York, P. J., and Doran, J., concurred.

A petition for a rehearing was denied May 12, 1941, and respondent's petition for a hearing by the Supreme Court was denied June 18, 1941. Carter, J., voted for a hearing.