[Civ. No. 31475. Second Dist., Div. Five. Nov. 22, 1967.]

GEORGE C. SULLIVAN, Plaintiff and Appellant, v. ELAINE T. SULLIVAN, Defendant and Respondent.

Hill, Farrer & Burrill, Mark E. True and Cecil E. Ricks, Jr., for Plaintiff and Appellant.

Steven Edmundson as Amicus Curiae on behalf of Plaintiff and Appellant.

C. A. Falconer for Defendant and Respondent.

KAUS, P. J.—Plaintiff husband filed a complaint for divorce on May 13, 1964. He then filed an affidavit signed by Sue Ann, the parties' married daughter, to the effect that she had served summons and complaint on the defendant on May 18, 1964. An interlocutory judgment of divorce which recites defendant's default was entered on July 7, 1964.

On March 22, 1966, well over a year later, defendant noticed a motion to vacate her default and the judgment. The motion was supported by declarations of defendant and her daughter. Defendant's declaration, insofar as pertinent, makes the following allegation concerning the service of summons on her. ". . . on or about May 18, 1964, the plaintiff in the above entitled action, GEORGE C. SULLIVAN, personally came to the home of the declarant and said 'Well, here they are, this will save us some money, I would just have to pay somebody to bring these papers to you'; with this statement, the plaintiff removed some papers from his pocket, the same being a copy of the Summons and Complaint in this action and handed them to declarant and declarant without reading the entire contents of said documents put them away; that plaintiff then stated to declarant that he would let her know when the hearing would be so she could be present should she so desire; . . .''

The declaration of the daughter was to this effect: Sometime after May 7, 1964, at about 4:30 p.m. she was present in her mother's home. Her father removed some papers from his coat pocket and delivered them to her mother. He said something like: "Here are some papers; this could have been handled differently, but this will save us money. I would just have to pay somebody to bring them up, and this is the same thing." She never read the papers. She thinks it was on the next day that her father took her to a bank, stating that he had a paper for her to sign. She had on previous occasions signed documents for her father without reading them. She trusted him. At the bank she did sign a paper without reading it. This took only a few seconds. Her father then gave it to a notary public who signed the same paper "and put a stamp on it." She did not learn until February 1966 that the paper she had signed was an affidavit of service.

In reply plaintiff filed his own declaration in which he alleged that after being told by his attorney how to serve a summons, he went to his wife's home and asked the daughter to serve the summons which she did. Thereafter they went to the bank where she executed the affidavit.

Plaintiff also filed an affidavit signed by his daughter which alleged in part: "With respect to the service of the Summons and Complaint in the divorce proceeding, on my mother, as stated in my previous affidavit, my father, George C. Sullivan, came to the house at a time when I was there and at the time of his arrival, I was in the living room with my mother. My father had some papers with him and said to my mother, 'Here they are', or something to that effect, and I knew that my mother was desirous of having my father obtain a divorce, for she had repeatedly told me that this was her desire."[1] On these conflicting declarations the trial court found the service was invalid, quashed it and vacated the default and the judgment. Plaintiff appeals from the order.

Plaintiff's principal point is that the court was without jurisdiction to grant relief, because it was sought too late. We disagree.

■ Defendant's motion was not made under section 473 of the Code of Civil Procedure, but was addressed to the inherent power of the court to set aside void judgments. Although it has been held, by analogy to section 473a, that such motions should be made within one year from the date the judgment sought to be set aside was rendered (*Washko v. Stewart*, 44 Cal.App.2d 311, 317 [112 P.2d 306]; *Richert v. Benson Lbr. Co.*, 139 Cal.App. 671, 674-676 [34 P.2d 840]) this time limitation does not apply where the judgment is based on a fraudulent return. (*Washko v. Stewart, supra*, p. 318; *Richert v. Benson Lbr. Co., supra*, p. 677.)

■ The present state of the law appears to have been summarized in *Estate of Estrem*, 16 Cal.2d 563, 571 [107 P.2d 36] : "Long prior to this amendment it was well established that the superior court had jurisdiction *at any time* to set aside a judgment or order *void on its face*. (*Capital Bond etc.*

---

[1]In a later affidavit the daughter claims that the page on which the above paragraph appears—and which is not the signature page—was retyped after she signed the declaration and had made certain changes on the page in question. It is not clear that the daughter claims anything except that the page, as filed, represented the original as corrected by her at the time of signature. It seems very unlikely that the plaintiff filed anything except what the daughter wanted filed, since the paragraph quoted hardly favors his version of what happened.

*Co.* v. *Hood,* 218 Cal. 729 [24 P.2d 765]; *Baird* v. *Smith,* 216 Cal. 408 [14 P.2d 749]; *Reher* v. *Reed,* 166 Cal. 525 [137 P. 263, Ann.Cas. 1915C 737]; *In re Dahnke,* 64 Cal.App. 555 [222 P. 381]; *Vaughn* v. *Pine Creek Tungsten Co.,* 89 Cal. App. 759 [265 P. 491]; *People* v. *Greene,* 74 Cal. 400 [16 P. 197, 5 Am.St.Rep. 448]; *People* v. *Temple,* 103 Cal. 447 [37 P. 414]; *Michel* v. *Williams,* 13 Cal.App.2d 198 [56 P.2d 546].) It was further settled that it had the power *within a reasonable time,* which by analogy to Code of Civil Procedure section 473a was limited to one year, to set aside a *default* judgment or order void, not on its face, but because of want of jurisdiction over the person of a defendant who had at no time been present in the proceedings. (*Richert* v. *Benson Lbr. Co.,* 139 Cal.App. 671 [34 P.2d 840]; *Smith* v. *Jones,* 174 Cal. 513 [163 P. 890]; *In re Dahnke, supra; Barnett* v. *Reynolds,* 124 Cal. App. 740 [13 P.2d 514]; *Vaughn* v. *Pine Creek Tungsten Co., supra.*) In addition, a judgment could be attacked at any time either by motion or in an independent action in equity on the ground that it was secured by extrinsic fraud. (*McGuinness* v. *Superior Court,* 196 Cal. 222 [237 P. 42, 40 A.L.R. 1110]; *McKeever* v. *Superior Court,* 85 Cal.App. 381 [259 P. 373]; *Kasparian* v. *Kasparian,* 132 Cal.App. 773 [23 P.2d 802]; *Tomb* v. *Tomb,* 120 Cal.App. 438 [7 P.2d 1104]; *Kronman* v. *Kronman,* 129 Cal.App. 10 [18 P.2d 712].)

 The declarations filed by the parties support a finding that plaintiff fraudulently procured the daughter's signature and the judgment. Had he filed an affidavit to the effect that he personally served the summons and complaint, defendant's default could not have been entered.[2]

Plaintiff argues that since defendant did receive the summons and since the receipt was witnessed by a disinterested third party, the court nevertheless acquired jurisdiction over defendant's person. He says that it serves no useful purpose to quash the service "since the defendant has been given all of the benefits of personal service [s]he would otherwise have."

Plaintiff thus seeks to avoid the invalidity of the service by pointing to the fact that defendant did in fact receive the summons and complaint. This is the precise argument found to be unavailing in *Sternbeck* v. *Buck,* 148 Cal.App.2d 829 [307 P.2d 970]. There, the facts as found by the trial court in an independent action in equity were that a process server,

---

[2]Section 410 of the Code of Civil Procedure specifically provides that a summons may not be served by a party to the action.

who later filed the affidavit of service, handed the summons and complaint to the defendant's wife, the husband being out of view and one hundred feet away. A few minutes later the wife handed the papers to the husband.[3] Buck, the plaintiff in the original action, prevailed in the trial court in the second action. In reversing, the Court of Appeal said: "Respondent contends that since this action is one in equity, the only question to be determined is whether or not the defendant actually received the papers which would have given notice of the suit. Such contention ignores the plain verbiage of the statute and in effect asks the court to rewrite section 411 by adding to subdivision 9 substantially the following: 'but when a summons is not personally served, the trial court may ascertain whether the defendant ultimately came into possession of the summons and if so, there was satisfactory compliance with the section.' Such action would be a judicial rewriting of a statute. The Legislature is available for that service." (*Ibid.*, p. 833.)

The effect of the fraud on the court is not vitiated by the fact that defendant did receive the summons and complaint. If she had known the law she would have known that the service by a party was invalid and that no default could be entered on the basis of an honest return. It does not matter that she was not aware of the law.[4] The jurisdiction of the court to proceed against her cannot depend on a factual inquiry into her legal knowledge.

Plaintiff claims that the service is not void if it is witnessed by a disinterested third person who is capable of making the service and who signs the affidavit of service. This would

---

[3]The wife was not a party to the suit.

[4]Defendant's declaration recites that she did not become aware of certain alleged misrepresentations of plaintiff concerning his financial status in 1964 until January 1966 and that she then got in touch with an attorney and learned on February 2, 1966, that she had not been legally served with summons and complaint. In March 1966 plaintiff's financial status was further investigated and additional facts were learned. The motion to vacate was filed March 22, 1966. We are not quite certain whether plaintiff contends that defendant did not act promptly after learning these matters. Unquestionably she did. In any event it is doubtful whether prompt action was a condition of the relief granted. (*City of Los Angeles* v. *Morgan,* 105 Cal.App.2d 726, 731-733 [234 P.2d 319].) For the record, it is noted that plaintiff's declaration strongly disputes many of the factual allegations of the defendant which have to do with the fairness of a property settlement agreement signed by the plaintiff before the attempted service of summons and complaint. The vacation of the default judgment does not decide any issue which the parties may frame with respect to the validity of the property settlement agreement.

make the validity of service depend upon a fortuitous circumstance of which the party ineffectively served may not even be aware. Further, such party knowing that the service was void, would nevertheless have to appear lest someone signs a false affidavit.

Plaintiff also argues that if the superior court had jurisdiction to set aside the judgment, it should have only done so in an independent action in equity. This is not the law. (*Olivera* v. *Grace,* 19 Cal.2d 570, 576 [122 P.2d 564, 140 A.L.R. 1328]; *Davis* v. *Davis,* 185 Cal.App.2d 788, 791-792 [8 Cal.Rptr. 874].)

Plaintiff complains that the court's order was equivocal. The minute order reads as follows: "It appears that the summons and complaint were served by the plaintiff; on that ground the default of defendant and the judgment are vacated. (C.C.P. 410.) The purported service is quashed." More particularly, the complaint is that the word "appears" is insufficiently strong to imply a finding. We disagree. ▮ Anyway, findings are not required to support orders made after motions. They are implicit. (*Mathewson* v. *Mathewson,* 207 Cal.App.2d 532, 535 [24 Cal.Rptr. 466].)

Finally it is argued that the declarations do not support the order factually. The points made go to the credibility of the affiants and were resolved by the trial judge. (*Lohman* v. *Lohman,* 29 Cal.2d 144, 149 [173 P.2d 657].)

The order is affirmed.

Hufstedler, J., and Stephens, J., concurred.

A petition for rehearing was denied on December 13, 1967, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied January 17, 1968.