Filed 7/28/16  Lyons v. Kernan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| WILLY CARL LYONS, | C077367 |
| Plaintiff and Respondent, | (Super. Ct. No. 14 CV 8778) |
| v. | |
| SCOTT KERNAN, as Secretary, etc., | |
| Defendant and Appellant. | |

Plaintiff Willy Carl Lyons (Lyons), imprisoned and representing himself in propria persona, appeals from an order denying his petition for writ of mandate against the California Department of Corrections and Rehabilitation (CDCR).  The petition challenged the manner in which the CDCR calculated Lyons's inmate classification score, and sought an order compelling the CDCR to recalculate Lyons's score based on revisions to the scoring system implemented in July 2012.  (Cal. Code Regs., tit. 15,

1

§ 3075.1.)[1]  The trial court denied the petition sua sponte.  The CDCR, which was never properly served, did not appear before the trial court and does not appear in this appeal.  Consequently, the Attorney General declined to file a response.  Finding no error, we affirm.

## BACKGROUND

Lyons is an inmate at Mule Creek State Prison.  He is currently serving a sentence of seven years to life plus 216 years for, among other things, attempted murder (Pen. Code, § 187), forcible rape (Pen. Code, § 261), lewd or lascivious acts on a child under the age of 14 years (Pen. Code, § 288, subds. (a)-(c)), sodomy by force (Pen. Code, § 286, subd. (c)), forcible penetration by a foreign object (Pen. Code, § 289), and unlawful sexual intercourse with a minor (Pen. Code, § 261.5).  Lyons has been imprisoned since 1989.

The CDCR uses an inmate classification system to ensure inmates are properly housed and supervised.  (§ 3375 et seq.)  An inmate's classification score determines the security level of the penal institution or facility in which he or she will be placed. (§ 3375, subd. (d).)  Inmate classification scores are initially calculated when an inmate is committed to custody (§ 3375, subd. (a)), and adjusted from time to time based upon the inmate's conduct in custody (§ 3375.4).

Effective July 1, 2012, the CDCR implemented revisions to the inmate classification scoring system.  (§ 3375.3, Cal. Reg. Notice Register 2012, No. 26 (filed June 26, 2012, as an emergency, operative July 1, 2012).)  Among other things, the new scoring system limits the points an inmate can receive for the length of his or her term (§ 3375.3, subd. (a)(3)(A)), and discontinues the practice of assessing points for such

---

**1**     Undesignated regulatory references are to title 15 of the California Code of Regulations unless otherwise stated.

background factors as age, marital status, employment history, and military service (§ 3375.3, subd. (a)).

On June 19, 2013, Lyons appeared before the Unit Classification Committee (UCC) for an annual review of his inmate classification score. (§ 3376, subd. (d)(2)(A).) Lyons acknowledged his inmate classification score was properly calculated pursuant to the regulations in place at the time of his incarceration, but requested a recalculation of his score under the new scoring system. The UCC denied Lyons's request.

On July 16, 2013, Lyons filed an inmate appeal seeking second level review of the UCC's decision. Lyons's second level appeal was denied.

Some time later, Lyons filed an inmate appeal seeking third level review of the refusal to recalculate his inmate classification score.[2] Lyons's third level inmate appeal was canceled as untimely pursuant to section 3084.6.[3] Lyons subsequently filed a request for reinstatement of his third level inmate appeal, which was also denied, thereby exhausting Lyons's administrative remedies.

On April 15, 2014, Lyons filed a petition for writ of mandate in Amador County Superior Court. The petition alleged that the CDCR's failure to recalculate Lyons's inmate classification score constitutes a violation of the CDCR regulations. The petition sought a writ of mandate compelling the CDCR to recalculate Lyons's score.

---

[2] Lyons has not provided us with a copy of his third level inmate appeal.

[3] Specifically, the Office of Appeals examiner found that Lyons was required to file his appeal within 30 days of July 1, 2012 (the effective date of the new regulations) pursuant to section 3084.8, subdivision (b), which provides that an inmate "must submit the appeal within 30 calendar days of: [¶] (1) The occurrence of the event or decision being appealed, or; [¶] (2) Upon first having knowledge of the action or decision being appealed, or; [¶] (3) Upon receiving an unsatisfactory departmental response to an appeal filed." (§ 3084.8, subd. (b).)

3

The petition was accompanied by a proof of service purporting to show service by mail on the Secretary of the CDCR and the Office of the Attorney General for the State of California (Attorney General). The proof of service was signed by Lyons.

On April 25, 2014, the trial court sua sponte issued an order denying the petition, stating: "The revisions to the classification scoring [system] are not to be applied retroactively unless specifically indicated. Here retroactivity is not indicated. [Lyons] has not shown that [the CDCR] is failing to comply with its duty under 15 CCR 3375. In fact, [Lyons], by his request, is asking [the CDCR] to abrogate its ministerial duty in favor of treating [Lyons's] case differently from the other inmates in applying the regulations governing the classification process." Accordingly, the trial court denied the petition with prejudice. The CDCR did not appear before the trial court.

Lyons filed a timely notice of appeal. The CDCR has not appeared in this appeal.

DISCUSSION

On appeal, Lyons claims the CDCR's failure to recalculate his inmate classification score using the new scoring system constitutes a violation of his right to equal protection under the federal and state Constitutions. (U.S. Const., 14th Amend.; Cal. Const., art. I, § 7.) Lyons also claims his inmate appeals were timely. We need not reach the merits of these claims as Lyons's appeal fails for another reason.

A fundamental rule of appellate review is that the appealed judgment or order is presumed correct. On appeal, all intendments and presumptions are indulged in favor of its correctness and error must be affirmatively shown. (Eisenberg, et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2015) ¶ 8:15, p. 8-5; *Schnabel v. Superior Court* (1993) 5 Cal.4th 704, 718; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "The burden of affirmatively demonstrating error is on the appellant." (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.) Lyons fails to carry his burden of demonstrating error.

4

A petition for writ of mandate must be served in the same manner as the summons in a civil action.  (See Code Civ. Proc., § 1107; see also *id.* §§ 413.10-417.40.)  Service by a party to an action is ineffective.  (See *id.* § 414.10 ["A summons may be served by any person who is at least 18 years of age *and not a party to the action*" (italics added)]; see also *Sullivan v. Sullivan* (1967) 256 Cal.App.2d 301, 304-305.)  Here, the proof of service shows that Lyons purported to serve the CDCR and the Attorney General by mail.  Such service was ineffective.  (*Caldwell v. Coppola* (1990) 219 Cal.App.3d 859, 865 [the prohibition on service by a party is "strictly enforced"]; see also *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226 ["Knowledge by a defendant of an action will not satisfy the requirement of adequate service of a summons and complaint."].)

Lyons cannot demonstrate error because, in the absence of proper service on the CDCR, the trial court could not have granted the petition in any case.  We therefore affirm the judgment.

DISPOSITION

The order denying the petition for writ of mandate is affirmed.


                                                         NICHOLSON          , Acting P. J.



We concur:



      BUTZ             , J.



      MAURO           , J.

5