Filed 7/3/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JANE BRAUGH, | B311859 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC703616) |
| v. | |
| ROY H. DOW, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Rafael A. Ongkeko, Judge. Affirmed.

Gerald Peters; Greines, Martin, Stein & Richland, Cynthia E. Tobisman and Tina Kuang for Plaintiff and Appellant.

Mark MacCarley for Defendant and Respondent.

———————————

## INTRODUCTION

This appeal arises from a partition action by Jane Braugh (Braugh) against her former significant other Roy H. Dow (Dow). The trial court entered default and a default judgment against Dow. Nearly two years later, Dow moved to vacate the default and resulting judgment, alleging he was never effectively served with the summons and complaint. The trial court granted the motion.

On appeal, Braugh argues the trial court should not have granted Dow set aside relief under Code of Civil Procedure[1] section 473, subdivision (d). She argues her personal service of the summons and complaint on Dow was proper and section 473, subdivision (b) applies instead, rendering Dow's motion "untimely." Braugh also argues the trial court abused its discretion in not considering the estoppel doctrine when making its ruling.

We disagree with Braugh and affirm the trial court's order granting the motion to set aside.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.   *Background Information*

Braugh and Dow, "formerly, an unmarried couple," owned a family home located at 8902 Wheatland Avenue in Sun Valley, California (the Property).[2] They ended their relationship in 2013.

---

[1]   Undesignated statutory references are to the Code of Civil Procedure.

[2]   The legal description of the Property is as follows:

They share a minor daughter, for whom they were embroiled in a "contentious custody battle" throughout 2018 and 2019.

Braugh is an attorney licensed in California.

## B.  *Braugh's Civil Complaint*

On April 24, 2018, Braugh filed a complaint against Dow alleging three causes of action: 1) partition; 2) accounting and compensatory adjustments; and 3) injunctive relief.  The subject of this action was the Property.  Braugh alleged the following:

Braugh and Dow are the owners of the Property; they hold title as joint tenants with right of survivorship.  Braugh sought a

---

"THE LAND REFERRED TO HEREIN IS SITUATED IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

"THE SOUTHERLY 130 FEET OF LOT 15 OF TRACT NO. 482, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 15 PAGE 86 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

"EXCEPT THE WEST 159 FEET OF THE NORTHERLY 120 FEET THEREOF.

"ALSO EXCEPT THAT PORTION OF SAID LAND LYING SOUTHEASTERLY OF THE MOST NORTHEASTERLY LINE OF THE LAND CONDEMNED FOR FLOOD CONTROL PURPOSES BY DECREE OF CONDEMNATION IN THE SUPERIOR COURT, LOS ANGELES, CASE NO. 597191, A COPY OF SAID DECREE BEING RECORDED IN BOOK 43571 PAGE 207, OFFICIAL RECORDS.

"ASSESSOR'S PARCEL NUMBER: 2404-003-010"

partition of the Property because Dow had not paid on the mortgage and other liens since November 1, 2004; he also refused to pay for necessary repairs and improvements that enhance the value of the Property. Due to Dow's "refusal to make an accounting and/or pay to [Braugh] compensatory adjustments or . . . the sums due, . . . the proceeds from future rents and profits of [the Property] are in danger of being lost, diminished or misappropriated by [Dow]."

Braugh "is entitled to an accounting and compensatory adjustments for expenditures in excess of her fractional share for necessary repairs, improvements that enhance the value of the [P]roperty, taxes, payments of principal and interest on mortgages and other liens, insurance for the common benefit and protection and preservation of title." Dow's "wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury" to Braugh and loss and damage to the Property. Braugh "has been damaged in the sum of approximately $600,000" and will continue to incur further damage so long as Dow's conduct continues. Braugh requested that the court quiet title of the Property and determine that Dow "is owed nothing"; in the alternative, she requested the sale of the Property.

On May 29, 2018, Braugh filed a proof of service of summons, stating she *herself* served a copy of the summons and complaint on Dow at the Property's address on May 2, 2018 at 8:00 p.m. via personal service. Braugh signed the proof of service of summons declaring under penalty of perjury that "[a]t the time of service [she] was at least 18 years of age and *not a party to this action*." (Italics added.)

4

C.    *Entry of Default and Default Judgment*

On June 18, 2018, Braugh filed a request for entry of default, which the court immediately granted.  The court scheduled a default prove-up hearing for September 14, 2018, and ordered Braugh to provide the court with "a proposed judgment conforming to her claims" on the hearing date.

At the default prove-up hearing set September 14, 2018, Braugh represented herself and presented argument.  The court continued the hearing to allow Braugh time to submit a proposed judgment and order.

On September 24, 2018, the court quieted title to the Property and ordered the transfer of Dow's interest in the Property to Braugh, so that "title will now be held solely by [Braugh]."  On October 12, 2018, a grant deed was recorded to that effect.

D.    *Dow's Motion to Set Aside Default Judgment*

One year and nine months later, on July 21, 2020, Dow filed a motion to set aside the default and default judgment.  He argued the default and default judgment were void as a matter of law pursuant to section 473, subdivision (d), because service of the summons was defective as Braugh, a party to the action, personally served the moving papers on Dow, in violation of section 414.10.  Dow argued this resulted in a lack of personal jurisdiction over him, rendering the default and default judgment void.  He argued, in the alternative, that the court set aside the default and default judgment under section 473, subdivision (b).

Dow provided a declaration in support of the motion, which alleged the following:

5

Sometime in April 2018, Braugh provided Dow's (now former) family law attorney in the custody matter with a copy of a "draft complaint." The attorney did not accept service on behalf of Dow, as he was retained as counsel solely for the family law matter. Then, on May 2, 2018, Braugh "entered the Subject Property while [Dow] was at home and personally served [him] with the Summons and Complaint."

It was not until October 2019 that Dow and his new family law counsel Philip Marr (Marr) realized Braugh had entered a default judgment.

Dow argued "it is immaterial whether [he] *actually received* the Summons and Complaint because Braugh failed to comply with . . . section 414.10" which resulted in a lack of personal jurisdiction. He also argued Braugh "does not stand to be prejudiced if the default judgment and entry of default . . . are set aside" because she "has not taken any depositions, conducted any discovery, or otherwise expended any resources." Braugh is "a California attorney" and "knew that such service was in violation of . . . section 414.10." Conversely, Dow will be "severely prejudiced" if he is unable to defend himself and have this case decided on the merits "[g]iven the damages sought" by Braugh, including "his family home [and] substantial sums of money."

Dow provided as an exhibit a copy of the Answer he planned to file should the court grant his set aside request.

E. ***Braugh's Opposition to the Motion to Set Aside***

On August 21, 2020, Braugh filed her opposition to the motion to set aside. She argued that Dow admitted in his moving papers that he was personally served on May 2, 2018 with the moving papers at the Property, resulting in "actual notice of the lawsuit"; however, "neither he nor his lawyers did anything."

6

Braugh also points out that despite Dow having learned about the default judgment in October 2019, he did not file his set aside motion until July 21, 2020, and provided "no legal grounds excusing his inaction."

Braugh submitted a supporting declaration, stating the following:

Braugh tried "to settle this matter without court intervention and supplied [Dow's (now former) family law counsel] with a copy of a draft Property lawsuit pre-filing on April 16, 2018" via email. She included the email as an exhibit, which provides: "Attached is the draft Complaint for Partition as a courtesy copy. I will be filing this lawsuit this week and sending out subpoenas."

Braugh emailed Dow on July 12, 2018 and informed him, "you are in default." She emailed Dow again on July 17, 2018 and said, "Not having heard back from you I can only assume that you do not wish to negotiate further and wish for me to proceed with obtaining a Judgment against you instead." She provided as exhibits these email communications.

On July 27, 2018, Braugh received an email from Michael Murphy (Murphy), an attorney purporting to be Dow's attorney. Murphy's email provides: "This law firm represents [Dow] with respect to a dispute that exists between him and you involving your joint ownership of the [Property]. It would be appreciated if you would direct any future communications you may want to our client directly to us." *"You could proceed with a partition lawsuit.*

*I saw the draft of your complaint. It will have to be litigated in Los Angeles Superior Civil Court.*"[3]  (Italics added.)

Braugh responded via email on July 30, 2018 and stated: "I don't see a demand in here. [¶] If you wish to resolve something, please work off my last email(s) to [Dow].  I am not going to argue any 'facts' with you, but just know that you have been offered a very skewed version of them.  All the compensatory adjustments come my way. [¶] Re: settlement, I will not sell the property . . . . [¶] If he wants off title and loan[,] I don't see why we couldn't accomplish that, but again, I need to see a demand.  Last I heard his strategy was to 'bankrupt' me which he told me and various 3rd parties he was trying to do. . . . [¶] So, I am not going to spend a great deal of extra time or energy here unless I see a good faith and reasonable negotiation forming.  I hope you understand."

Braugh "never heard from" Murphy again.

## F.  *Hearings and Further Briefing*

The minute order on the September 3, 2020 hearing provides that the trial court "continue[d] the matter to allow [Braugh] to file supplemental briefing and further argument." We were not provided a reporter's transcript of this hearing.

The minute order on the October 6, 2020 hearing provides that the trial court "heard argument from the parties" and then "withdr[ew] its tentative ruling [granting the motion] and recite[d] its oral findings denying [Dow's] motion."  Braugh was

---

[3]     We note the case summary for the partition case shows no "substation of attorney" was ever filed indicating Dow retained Murphy (or anyone) as counsel at this time.

8

"directed to prepare a proposed order with detailed findings consistent with the court's findings." We were not provided a reporter's transcript of this hearing nor the tentative ruling mentioned in the minute order.

The minute order on December 7, 2020 hearing provides that the trial court set an order to show cause (OSC) as to "why the court should not reconsider its oral ruling made on 10/06/2020 denying the motion to set aside . . . and instead grant[] the motion." It scheduled an OSC hearing for January 28, 2021.

G.     *Trial Court's Hearing and Ruling*

Prior to the January 28, 2021 hearing, the trial court issued a tentative ruling granting Dow's motion to set aside: "As the parties know, the court has twice issued a tentative ruling in [Dow's] favor granting the motion to set aside the default judgment. At [Braugh's] request for supplemental briefing, which the court allowed several times, and given [Braugh's] oral argument at the October 6, 2020 hearing, the court was persuaded by [Braugh's] equitable pleas to change its mind and rule in [her] favor . . . . Upon further reflection and analysis of the applicable law, however, the court has returned full circle to its original inclination—the entry of default itself was void on its face." It found that "contrary to [Braugh's] argument, the default judgment is void—not voidable." The court further found the "finding that 'Plaintiff, having properly pled and served the Complaint' in the [default] judgment is, therefore, erroneous, on its face, based on the court record without consideration of extrinsic evidence." The court "lacked jurisdiction and authority to act to enter the judgment in the first place." The tentative further provides, "As inequitable as the result here may be, as

9

shown by the courts changing its mind in [Braugh's] favor, the default should not have been entered on 6/18/18 based on the defective proof of service."

On January 28, 2021, the hearing on the OSC took place. Dow submitted on the court's tentative. The court heard argument from Braugh. She argued there was substantial compliance with service of process rules, and thus, the default judgment is not void but rather voidable—meaning, section 473, subdivision (b) applies and not subdivision (d). She further argued that because section 473, subdivision (b) applies, Dow's motion to vacate was untimely filed, as it was filed after the expiration of the six-month window.

The trial court adopted its tentative and granted Dow's motion to vacate the default and default judgment. The trial court explained that the "proof of service, while it should have been picked up as a noncompliance, it doesn't get you to jurisdiction . . . on [Dow] and, you know, unfortunately notwithstanding all the work that we all put in on the prove-up, we have to get back to the basics of jurisdiction, and unfortunately, that's where we're at. You know, a party cannot serve a summons and complaint. And, you know, default should not have been entered and can be set aside now as void." The court found "[o]n reconsideration, I just don't think we can do it; so that's really what happened with the change and there's—you know, we've gone round and round on this issue, and you have the tentative, and that's going to be the ruling, and I'll adopt that in full today. [¶] Okay. So I'm granting the motion to set aside." Dow's proposed Answer "is deemed served this date."

Braugh timely appealed.

10

## DISCUSSION[4]

Braugh primarily argues Dow's motion to set aside the default and default judgment was untimely filed. Second, she argues the trial court "abused its discretion in failing to consider whether Dow was estopped, by his conduct, from setting aside the default and default judgment." She requests that we reverse the trial court's order granting Dow's motion and reinstate the default and default judgment.

### A. *Standard of Review*

Section 473, subdivision (d) provides a trial court *may,* on motion of either party after notice to the other party, set aside any void judgment or order; inclusion of the word "may" in the language of section 473, subdivision (d) makes it clear that a trial court retains discretion to grant or deny a motion to set aside a void judgment. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 495 (*Cruz*).) However, the trial court has no statutory power under section 473, subdivision (d) to set aside a judgment that is not void. (*Cruz,* at pp. 495–496.) The trial court's determination whether a judgment is void is reviewed de novo; its decision whether or not to set aside a void order is reviewed for abuse of discretion. (*Nixon Peabody LLP v. Superior Court* (2014) 230 Cal.App.4th 818, 822; *Pittman v. Beck Park*

---

[4] We have reviewed Braugh's request for judicial notice filed on July 13, 2022. The five documents attached to her request are all pleadings filed in the parties' family law parentage case regarding their daughter (Los Angeles Sup. Ct. case No. 18PDPT00070). We find they bear no relevance to the issues presented in this appeal and deny the request.

11

*Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020 (*Pittman*); see also *Cruz*, at p. 496.)

B.  ***Applicable Law***

"The court may . . . on motion of either party after notice to the other party, set aside any void judgment or order." (§ 473, subd. (d).) Generally, defendants have six months from entry of judgment to move to vacate. (*Id.*, subd. (b).) But, if "the judgment is void on its face, then the six month limit set by section 473 to make other motions to vacate a judgment does not apply." (*National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 414.)

" 'A judgment or order is said to be void on its face when the invalidity is apparent upon an inspection of the judgment-roll.' " (*Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441 (*Dill*).) This inquiry, however, "does not hinge on evidence: A void judgment's invalidity appears on the *face of the record*." (*Trackman v. Kenney* (2010) 187 Cal.App.4th 175, 181.) The due process clauses of the United States and California Constitutions require that a party be given reasonable notice of a judicial action or proceeding. (*In re Marriage of Goddard* (2004) 33 Cal.4th 49, 54 (*Goddard*).) To establish personal jurisdiction, compliance with statutory procedures for service of process is essential; if a default judgment was entered against a defendant who was not served with a summons as required by statute, the judgment is void, as the court lacked jurisdiction in a fundamental sense over the party and lacked authority to enter judgment. (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1330–1331.)

To determine "whether an order [or judgment] is void for purposes of section 473, subdivision (d), courts distinguish

between orders [or judgments] that are void on the face of the record and orders [or judgments] that appear valid on the face of the record but are shown to be invalid through consideration of extrinsic evidence.  'This distinction may be important in a particular case because it impacts the procedural mechanism available to attack the judgment [or order], when the judgment [or order] may be attacked, and how the party challenging the judgment [or order] proves that the judgment is void.' " (*Pittman*, *supra*, 20 Cal.App.5th at p. 1020.)  A judgment "is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence." (*Id*. at p. 1021.)  When a default judgment has been taken, the judgment roll consists of "the summons, with the affidavit or proof of service; the complaint; the request for entry of default . . . , and a copy of the judgment." (§ 670, subd. (a).)  If the invalidity can be shown only through consideration of extrinsic evidence, such as declarations or testimony, the order/judgment is not void on its face. (*Pittman*, at p. 1021.)

Our Supreme Court has observed that although "the term 'jurisdiction' is sometimes used as if it had a single meaning, we have long recognized two different ways in which a court may lack jurisdiction." (*People v. Ford* (2015) 61 Cal.4th 282, 286 (*Ford*).)  "A court lacks jurisdiction in a fundamental sense when it has no authority at all over the subject matter or the parties, or when it lacks any power to hear or determine the case." (*Ibid*.)

Even when a court has fundamental jurisdiction, however, the Constitution, a statute, or relevant case law may constrain the court to act only in a particular manner, or subject to certain limitations. (*Ford, supra*, 61 Cal.4th at pp. 286–287.)  When a

13

trial court has fundamental jurisdiction but fails to act in the manner prescribed, it is said to have acted " 'in excess of its jurisdiction.' " (*Id*. at p. 287.)  Because an ordinary act in excess of jurisdiction does not negate a court's fundamental jurisdiction to hear the matter altogether, such a ruling is treated as valid until set aside.  (*Ibid*.)  A party may be precluded from seeking to set aside such a ruling because of waiver, estoppel, or the passage of time.  (*Ibid*.)  Thus, error in rendering a judgment or order generally falls into two categories: "A court can lack fundamental authority over the subject matter, question presented, or party, making its judgment void, or it can merely act in excess of its jurisdiction or defined power, rendering the judgment voidable." (*Goddard*, *supra*, 33 Cal.4th at p. 56.)

## C.    *Dow's Motion to Set Aside was Timely Filed*

Braugh argues she "substantially complied with the service-of-process rules" when she personally served Dow with the summons and complaint.  She contends this provided Dow with "actual notice" of the partition case and that "*who* served Dow is a mere technicality that did not render personal service void."  She concludes that because "service was valid," section 473, subdivision (b) applies, making Dow's motion to set aside "untimely."

We disagree.  This is not a "mere technicality" as Braugh would like us to hold; this is an issue of fundamental jurisdiction. By merely looking at the judgment roll, primarily Braugh's proof of service of summons, we conclude the trial court acted without authority in entering default and default judgment against Dow.

"[C]ompliance with the statutory procedures for service of process is essential to establish personal jurisdiction.  [Citation.] Thus, a default judgment entered against a defendant who was

14

not served with a summons in the manner prescribed by statute is void." (*Dill, supra,* 24 Cal.App.4th at p. 1444.)  As mentioned above, under section 473, subdivision (d), the court may "set aside a default judgment which is valid on its face, but void, as a matter of law, due to improper service."  (*Ellard v. Conway* (2001) 94 Cal.App.4th 540, 544.)

Section 414.10, entitled "Person permitted to serve," expressly provides who may serve the moving pleadings to a case: "A summons may be served by *any person who is* at least 18 years of age and *not a party to the action*."  (§ 414.10, italic added.)

Here, on the face of the proof of service of summons, Braugh signed under penalty of perjury that she is "not a party to this action" and attested to having personally served Dow on May 2, 2018 at the Property.  It is undisputed that Braugh is a party to the action.  Service did not comply with the express requirements of section 414.10.  The intent of a statute prohibiting personal service of process by parties is to discourage fraudulent service by persons with an adversarial interest in a legal action.  (*Caldwell v. Coppola* (1990) 219 Cal.App.3d 859, 864 (*Caldwell*).)  Accordingly, "the prohibition on service by the opposing party is strictly enforced."  (*Id*. at p. 865; see *Sullivan v. Sullivan* (1967) 256 Cal.App.2d 301, 304 (*Sullivan*) [motion to vacate a default and judgment was *proper* where declarations filed by the parties supported a finding that the summons and complaint were served on defendant by plaintiff himself].)  Thus, "[w]hen a party has served notice on the opposing party, the court lacks personal jurisdiction over the defendant."  (*Caldwell,* at p. 865.)

15

During oral argument, Braugh maintained that even if we find the judgment "facially void" due to the manner of service, that we must also determine if she "substantially complied" with the rules of service of process because "strict compliance . . . is not required." She contends her personal service on Dow should be liberally construed to uphold jurisdiction because Dow was provided "actual notice of the commencement of the action." We do not agree.

In *Sullivan*, "[p]laintiff [sought] to avoid the invalidity of the service by pointing to the fact that defendant *did in fact receive* the summons and complaint." (*Sullivan*, *supra*, 256 Cal.App.2d at p. 304, italics added.) The court in *Sullivan* rejected this argument and held, "This is the precise argument found to be *unavailing* in *Sternback v. Buck*, 148 Cal.App.2d 829." (*Sullivan*, at p. 304.) Braugh contends *Sullivan* does not control, as that case was decided before the 1969 amendment to the service of process statutes. However, other cases have similarly held service ineffective despite actual notice to the respondent/defendant after the 1969 amendment. For instance, the court held in *Caldwell* that "[p]ersonal service by a party renders any judgment or order arising from the proceeding void *despite the defendant's actual notice*." (*Caldwell*, *supra*, 219 Cal.App.3d at p. 865, italics added.) We therefore hold that "substantial compliance" does not apply where a party personally serves its own summons and complaint. The cases relied upon by Braugh are inapposite in that they do not present a similar scenario where one party (let alone a self-represented attorney like Braugh) personally served moving paperwork on another party.

16

As for the July 27, 2018 email Braugh received from Murphy purporting to be Dow's attorney, it did not show Dow had notice that Braugh had indeed filed the partition complaint. Murphy's email provided that he "saw the *draft* of [Braugh's] complaint"; "You *could proceed with* a partition lawsuit." Moreover, section 410.10, which provides that a court may exercise jurisdiction on any basis not inconsistent with the state or federal Constitution, *does not empower a court to treat a party's general appearance in an action as a waiver of a defective service of summons on the party, nor to treat the general appearance as curing the defects in service*; the term "basis," as used in the statute, refers to the relationship between a court and a party such that the court may bring that party within its authority and thereafter make orders binding on the party. (See *In re Marriage of Sm*ith (1982) 135 Cal.App.3d 543, 551–554.) Thus, even if Dow had made an appearance in the partition action, that does not empower to court to treat it as a waiver of a defective service. (*Ibid.*)

We conclude the trial court did not abuse its discretion in granting Dow's motion to set aside the default and default judgment. On this record, the trial court did not obtain personal jurisdiction over Dow due to improper service of the summons and complaint. Dow was "under no duty to act upon a defectively served summons." (*Kappel v. Bartlett* (1988) 200 Cal.App.3d 1457, 1466.) Because the court had no jurisdiction in light of defective service, we do not address Braugh's remaining argument regarding equitable estoppel.

17

## DISPOSITION

The trial court's order granting Dow's motion to set aside entry of default and the default judgment is affirmed.  Dow is awarded costs on appeal.

**CERTIFIED FOR PUBLICATION**


STRATTON, P. J.

We concur:


GRIMES, J.


VIRAMONTES, J.